209 So.2d 859

**Ambrose BURKE**

**v.**

**STATE.**

**1 Div. 298.**

Court of Appeals of Alabama.

April 23, 1968.

Kenneth Cooper, Bay Minette, for appellant.

MacDonald Gallion, Atty. Gen., and Carl E. Watson, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted by the Grand Jury of Baldwin County, Alabama, at the Fall Session of the Circuit Court on two counts: (1) that he "feloniously took one wrist watch of the value of $50.00, the property of Willard Scott, from his person, and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same, against the peace and dignity of the State of Alabama"; and (2) that he "feloniously took approximately $65.00 in lawful money of the United States of America, the denomination and further description of which is to the Grand Jury otherwise unknown, and 90 cartons of cigarettes, the property of Hudson Oil Company of Missouri, Incorporated, a Corporation, from the person of Willard Scott and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same, against the peace and dignity of the State of Alabama."

Appellant, through his counsel, entered a plea of not guilty; and, after the State had presented its case, appellant filed a plea denying that Hudson Oil Company of Missouri, Incorporated, a Corporation, was a Corporation, and further denied that it was authorized to do business in the State of Alabama, which plea was overruled and denied.

Appellant was found guilty as charged by the jury and his punishment was fixed at twelve years in the penitentiary. He then filed a motion for a new trial which was denied. It is from this judgment and denial that this appeal is made.

The State's first witness was Willard Scott, an employee of Hudson Oil Company of Missouri. He testified that at between 1:00 and 1:15 A.M. on the morning in question, while he was working alone at the service station, he saw appellant and "four or five" other people drive up in a "two-tone 1957 or 1958 Chevrolet." Scott stated that they told him to "put $2.00 worth of gas in and check the hood" and that he became suspicious because "they kept the engine running," and he further stated:

"I was putting the gas in the automobile and one got out on the right hand side and walked around and raised the hood and I got the gas in and hung the hose up and this one outside said to bring him a napkin and I reached and pulled it and as I went around the car I reached and twisted the radiator out and when I came back they had come at me with a gun—a sawed-off gun poked in my stomach and he said: 'This is it' and I said: 'yes sir' and I handed him the change."

Scott later identified the appellant as the man who took his watch, valued at $85.00, off his arm. He then testified that between $50.00 and $100.00 of Oil Company currency and coins were taken, along with 90 cartons of cigarettes belonging to Hudson Oil Company of Missouri. The following day the cigarettes were returned, having been recovered from a wrecked automobile in Plateau, Alabama. Scott stated that the police brought him two pictures or "mug shots" on the night of the robbery and

that the accused was one of the two pictures.

On cross-examination, Mr. Scott stated that he was positive that appellant was in the car, but would not describe his dress; and that he did not know which of the men got out of the car first.

■ Appellant's plea that Hudson Oil Company of Missouri, Incorporated, a Corporation, is not a corporation and is not authorized to do business in the State of Alabama was properly overruled. There was no evidence tending to either prove or disprove this allegation.

In Riggens v. State, 44 Ala.App. 275, 207 So.2d 141, this court stated in part as follows:

"Though animus furandi is its motive, robbery is basically a crime against the person. Hence, the indictment need only name the person having the immediate special property of the thing which the robber seeks to take. We believe that this was the common law. See Rex v. Harding (1929), 21 Cr.App.R. 166, wherein the 1800 case of Rex v. Deakin and Smith, 2 East P.C. 653, is quoted with approval.

"The description of the owner of the property taken is needful only to exclude the possibility of the taker's being accused of taking that to which he had some right. * * *"

■ Thus, whether or not there is a variance between the indictment and proof as to ownership of the property involved in the robbery, is not material so long as the offense is described with sufficient certainty to identify the act of robbery and to establish that the property was in the immediate actual possession of the person robbed. Riggens v. State, supra.

During the direct examination of Mr. Cooper, the following occurred:

"Q. Did you later examine pictures or mug shots in Mobile in search for these people?

"A. At the station they brought them to me.

"Q. Brought to you at the Station?

"A. Yes sir.

"Q. Did you pick out two pictures out of the mug book.

"A. Yes sir.

"Q. Was one of the pictures of this defendant here?

"A. Yes sir.

"Q. Is that the first time you had seen a picture or anything of him since he was there at the robbery at the station?

"A. There was some brought there that night—

"MR. COOPER: Your answer is not responsive and I object; I would like to take this man on voir dire examination about the mug shots brought to him at the station.

"THE COURT: I overrule the objection and deny the motion for voir dire examination.

"MR. COOPER: Except."

■ Appellant argues that the refusal of the trial court to permit defense counsel to examine the witness on voir dire constituted reversible error.

"Voir dire" as defined by Black's Law Dictionary, 4th ed., means to "speak the truth"; "This phrase denotes the preliminary examination which the court may make of one presented as a witness or juror, where his competency, interest, etc., is objected to."

There are several Alabama decisions which hold that the denial of voir dire examination of a witness constituted reversible error. Lokos v. State, 278 Ala. 586, 179 So.2d 714; Young v. State, 41 Ala.App. 284, 130 So.2d 249; White v. State, 260 Ala. 328, 70 So.2d 624. How-

ever, all of these decisions were concerned with the admission into evidence of alleged confessions made by the accused and voir dire examination was permitted to determine the voluntariness of the statements.

In this case, appellant wanted to question the witness about some mug shots from which the witness identified appellant as one of those who robbed him. The only purpose appellant would have in questioning the witness on voir dire would be to determine the "truth" concerning the alleged identification of appellant. That is to say: what were the circumstances surrounding the identification; was the witness "led" to identify the appellant; was he influenced in his identification?

We observe from the record, however, that the witness had previously testified without objection as to identifying appellant from a mug shot. Thus, any injury which might have been sustained by having the witness so testify had already occurred and the subsequent granting of voir dire to appellant would, under the circumstances, serve no useful purpose. Therefore, the trial court did not err in refusing to permit the defense counsel to examine the witness on voir dire.

■ Twice during the examination of witness Scott, counsel for appellant excepted to remarks made by the court. Appellant contends that such remarks by the court manifested bias against the accused and, as such, constituted reversible error.

The first remark objected to occurred as follows:

"Q. Well now based on your identification of the mug the next day that this man was at the robbery, why can't you tell these 12 men—

"THE COURT: I've let you go far enough. This man says he doesn't know who got out of the car first. Now let's go on to something else.

"MR. COOPER: I except to his Honor's remarks."

This court, in Holmes v. State, 22 Ala. App. 373, 115 So. 849, stated in part as follows:

"* * * [T]he interests of public justice and the punishment and prevention of crime on the one hand, and principles of fairness toward the prisoner on the other, demand that the presiding judge should not entertain, or, at least should not manifest, any partiality for or against the accused during the examination of the witnesses. * * *"

After a close examination of the record, we are of the opinion that this remark by the court did not reflect partiality against the accused, but was directed toward eliminating unnecessary repetition in cross-examination. In Pinkard v. Hastings, 41 Ala. App. 677, 149 So.2d 293, this court stated in part as follows:

"Our statute, Code 1940, T. 7, Sec. 443, confers the right of 'thorough and sifting' cross-examination, yet this does not mean the trial judge may not step in when the sifting is merely repetitive."

■ The second remark to which appellant excepted occurred as follows:

"Q. Now you tell the Court here that Hudson Oil Company is a Corporation of Missouri. How do you know that?

"A. That is what they tell me.

"Q. That is here-say—

"MR. HENDRIX: I object to that.

"THE COURT: Sustain the objection.

"MR. COOPER: Except. If it please the Court, one of the material allegations in this case—

"THE COURT: Take your exception, and if it will help you any you can prove it.

"MR. COOPER: Judge—

"THE COURT: I have given you an exception and go ahead.

"MR. COOPER: I except to his Honor's remarks."

The court properly sustained the State's objection to counsel's remarks and instructed him to continue. We do not find the remark of the court prejudicial to the appellant.

■ Appellant also contends that the court erred in not permitting cross-examination of Scott to continue on the subject of the mug shots. The testimony was in part as follows:

"Q. Describe the features in the picture similar to the defendant?

"MR. HENDRIX: I object to that.

"THE COURT: Sustain the objection.

"MR. COOPER: This man has told—

"THE COURT: You have been over this thing a half dozen times. He said he recognized him and that is up to the jury.

"MR. COOPER: I don't have the right to ask him how he recognized it?

"THE COURT: You have asked him six times, Mr. Cooper.

"MR. COOPER: He says he don't know—

"THE COURT: I sustained the objection.

"MR. COOPER: We except."

Tit. 7, Sec. 443, Code of Alabama, 1940, states in pertinent part as follows: "The right of cross-examination thorough and sifting, belongs to every party as to the witnesses called against him."

In Sowell v. State, 30 Ala.App. 18, 199 So. 900, we stated in part as follows:

"We are cognizant of the principle that the range of cross-examination is within the discretion of the trial court and unless it clearly appears that error in-

tervened to the substantial injury of the adverse party the ruling at nisi prius will not be disturbed upon appeal. * * *"

Appellant suffered no substantial injury by the court's ruling. See also Duff v. State, 40 Ala.App. 80, 111 So.2d 621, cert. den. 269 Ala. 696, 111 So.2d 627; Pinkard v. Hastings, supra.

■ Appellant argues that his requested written instruction No. 11 was erroneously refused. The charge reads as follows: "I charge you, Gentlemen of the Jury, that: burden of proof is not on accused to establish his innocence or disprove facts necessary to establish crime with which he is charged."

This charge was properly refused as being confusing.

Having diligently searched the record and finding no reversible error therein, this cause is due to be and the same is hereby

Affirmed.