BOOKOUT, Judge.
Second degree murder; sentence: thirty years.
On February 19,1974, the appellant fatally shot his wife, Elaine Stinson. Evidence was presented by the State to the effect that the appellant and the deceased were having marital difficulties because of the appellant’s protracted absences from the marital abode. The deceased told the appellant to move out of the house and to go live with his alleged paramour in Lowndes County. The appellant asked the deceased if she really meant it and on being informed she did, he began to move his clothes out of the house and into his truck. Before the argument, the appellant had paid approximately $35.00 to the deceased to give to her mother toward the utility bill. During the argument, he requested that $15.00 be returned. The request was refused. The appellant drove to his brother’s house and obtained a .12 gauge shotgun. He then returned to the deceased’s residence and shot her to death in front of a room full of witnesses. He then went back to his brother’s house and deposited the shotgun there.
*186 The appellant’s version of the events of February 19, 1974, was essentially the same as the State’s with two exceptions. The appellant testified that the amount of money in dispute was closer to $1,500.00 than to $15.00. It seems that the deceased was the appellant’s bookkeeper and that she had been writing checks without the appellant’s authorization. The appellant also testified that the deceased told him that the proceeds of the unauthorized checks had gone to the support of her paramour. The appellant said that in addition to the above, the appellant informed him that a legitimate check in the amount of $300.00 had bounced due to her duplicity. The deceased then threw the cancelled checks and a photograph of her alleged lover at the appellant. At that time the appellant drove to his brother’s house and got the shotgun.
I
Appellant contends that malice, an essential element of second degree murder, was not proved in the present case. We do not agree. Malice may be presumed from the use of a deadly weapon unless the circumstances surrounding the killing rebut the presumption. Fulghum v. State, 291 Ala. 71, 277 So.2d 886 (1973). Here the jury, whether they believed the State’s or the appellant’s version of the facts, could reasonably believe that the surrounding circumstances did not rebut the presumption of malice. One circumstance which was common to both versions was the appellant’s methodical acquisition of the shotgun. That circumstance clearly strengthens the presumption of malice.
II
The appellant sought to substantiate his version of the facts relating to the photograph of deceased’s paramour in his cross-examination of the State’s witnesses. All of the State’s witnesses denied any knowledge of the picture or of the deceased’s alleged lover. Although it was not contained in the record, it appears that the trial court sequestered, or as commonly referred to in Alabama, placed all prospective witnesses “under the Rule.” Boyd v. State, 51 Ala.App. 324, 285 So.2d 134, cert. denied 291 Ala. 773, 285 So.2d 138 (1973).
During the cross-examination of the deceased’s mother, she was overcome with emotion and forced to leave the courtroom in order to regain her composure. During her absence, she appears to have told a subsequent witness, her daughter-in-law, that the attorneys asked her questions about a picture. The appellant contends the trial court erred to reversal in not excluding the testimony of the two witnesses due to their apparent violation of “the Rule.” Again, we do not agree.
The trial court made the following statement when this matter was brought to his attention:
THE COURT: Motion denied. The only evidence in the case was that she said he showed her a picture she had never seen before.”
It is highly speculative that the witnesses’ conduct caused any injury to the appellant. Boyd, supra. This was especially so because there was no evidence that the two witnesses discussed what the photograph represented or depicted. The invocation of “the Rule” is a matter which is solely within the trial court’s discretion. We find no abuse of discretion in the manner in which the alleged violation of “the Rule” was dealt with in this case.
AFFIRMED.
All the Judges concur.