The defendant was indicted and convicted for robbery in the first degree. Sentence was twenty-one years' imprisonment.
 I
The defendant argues that the pretrial identification procedure was unduly suggestive and unreliable and, therefore, inadmissible at trial. After the defendant had been arrested for the robbery of Coggins Jewelry, William T. Coggins, the owner and operator of the store, identified the defendant's photograph from a police "mug book" as one of the men who had robbed him. The mug book contained thirty to forty pictures. The test for determining the reliability of identification testimony following a pretrial identification procedure is whether the procedure was "unnecessarily suggestive and conducive to irreparable mistaken identification." Stovall v.Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199
(1967).
The defendant contends that the identification was unduly suggestive because Coggins was told that an arrest had been made and that the suspect's picture was in the mug book before he made his identification. While such information is suggestive it is not "unnecessarily suggestive". Just as with the lineup procedure, it is perfectly natural for a person called to make an identification from photographs to understand that a suspect's picture is among those photographs. That a person is actually told that the suspect's photograph is among the other pictures, although generally inadvisable, does not contaminate the identification proceeding. Joshua v. State,372 So.2d 885 (Ala.Cr.App.), cert. denied, Ex parte Joshua,372 So.2d 891 (Ala. 1979). The victim of a crime has a right to assume when asked to make an identification in a pretrial identification procedure "that he is not being toyed with, that there is more than an infinitesimal chance of a member of the lineup being the criminal. . . ." Fletcher v. State,337 So.2d 58, 60 (Ala.Cr.App. 1976). "(T)he mere fact that suspects are included within the lineup, and that witnesses know or assume this to be the case is an inescapable aspect of lineup identification procedure." United States v. Person,478 F.2d 659, 661 (D.C. Cir. 1973). See also McGee v. Estelle,632 F.2d 476 (5th Cir. 1980). Therefore, the fact that Coggins knew the suspect's picture was in the "mug book" does not taint the identification.
The defendant also alleges that the photographic display was unnecessarily suggestive because Coggins viewed the mug book on November 10, 1980. At that time Coggins was informed that a suspect had been arrested that very day and that the suspect's photograph was in the mug book. This was the first time that the police told Coggins that they had a suspect. The defendant alleges that his photograph was dated November 10, 1980, and that Coggins used this date to make the identification.
These facts, if proven, might have constituted an impermissibly suggestive photographic lineup. However, at trial Coggins *Page 920 
testified that at the time he viewed the photograph it was not dated and that he did not rely on any date in making his identification. Since there was no other evidence that the photograph was dated at the time Coggins made his identification, we find the defendant's argument without factual support.
The first prong in determining whether a pretrial identification can be properly admitted is whether the photographic lineup is impermissibly suggestive. If it is not, the inquiry ends. Branch v. Estelle, 631 F.2d 1229 (5th Cir. 1980); United States v. Sonderup, 639 F.2d 294 (5th Cir. 1981). However, even if there had been an unduly suggestive pretrial identification procedure, the in-court identification testimony need not be excluded if the prosecution can establish by clear and convincing testimony that, rather than stemming from the unfair pretrial confrontation, the identification has an independent source. Cartee v. State, 390 So.2d 1121
(Ala.Cr.App. 1980); Carpenter v. State, 380 So.2d 368
(Ala.Cr.App. 1980); Brazell v. State, 369 So.2d 25, 29
(Ala.Cr.App. 1978), cert. denied, 369 So.2d 31 (Ala. 1979).
 "Whether an in-court identification has been so tainted by an extrajudicial identification as to vitiate the in-court identification is not to be determined solely by the circumstances of the extrajudicial identification, but all of the circumstances relative to the identification of defendant by the witness are to be taken into consideration, and if it is determinable therefrom that an in-court identification was independent of the extrajudicial identification, evidence of the in-court identification is admissible." Matthews v. State, 361 So.2d 1195 (Ala.Cr.App. 1978).
In this case Coggins testified that he got a good look at the defendant during the robbery. Several times during trial Mr. Coggins testified that he was sure beyond a reasonable doubt that the defendant was the one who robbed him and that his in-court identification of the defendant was based upon his observations at the time and scene of the crime. Coggins stated that he was "absolutely certain" and "positive" that the defendant was one of the men who robbed him. We find his identification to be reliable after applying the balancing test established in Manson v. Brathwaite, 432 U.S. 98,97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), for determining the admissibility of identification evidence.
The defendant also strongly argues that because witness Coggins altered his testimony regarding whether he identified a front-view or side-view photograph this makes the evidence of the pretrial identification unreliable, and therefore inadmissible. True, Coggins initially testified that he identified a side-view photograph of the defendant. Later, Coggins testified that it could have been a front-view picture of the defendant which he selected. This conflict or alteration was challenged by defense counsel in his cross examination of Coggins. "The danger that initial identification by photograph may result in misidentification may be substantially lessened by course of cross examination at trial which exposes to the jury the method's potential for error." Simmons v. UnitedStates, 390 U.S. 377 at 384, 88 S.Ct. 967, at 971,19 L.Ed.2d 1247. The discrepancies or contradictions in Coggins' testimony are factors bearing on the credibility of the witness and concern the weight and probative value to be given his testimony by the jury. These factors do not concern the admissibility of Coggins' testimony. Lee v. State, 246 Ala. 69,18 So.2d 706 (1944); Ward v. State, 356 So.2d 238
(Ala.Cr.App.), cert. denied, Ex parte Ward, 356 So.2d 242 (Ala. 1978). II
The defendant argues that without the "mug book" identification there is insufficient evidence to support his robbery conviction. This argument is without merit. The pretrial and in-court identifications were properly admitted into evidence. Additionally, State's witness, Ms. Ruby McClure, testified that on the day of the robbery she saw the defendant and another man fleeing from the general direction of *Page 921 
the jewelry store with a black bag. Coggins kept some of his jewelry in black bags. Willie McCarthy testified that on the day of the robbery he was near Coggins Jewelry and heard glass break. After hearing the glass break, Mr. McCarthy said that he saw the defendant and another man run from Coggins Jewelry Store. Later, he said the defendant's companion gave him a ring. There was also testimony by George Mitchum that the defendant's companion said, in the presence of the defendant, "How about robbing something" and suggested the jewelry store. Evidence was presented that the defendant left the state very soon after the time of the robbery and sold jewelry and rings in Georgia, Virginia and New York. Therefore, even without the eyewitness identification, there is sufficient circumstantial evidence to justify the defendant's conviction. Cumbo v. State,368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877
(Ala. 1979).
 III
The defendant argues that error was committed in the admission of the handwritten notes of a police officer of an oral statement given by the defendant. The defendant contends that the notes should not have been admitted into evidence because they were not dated and because they did not contain everything the defendant related in his statement.
Both of these arguments affect the credibility and weight to be given the statement of the defendant but do not limit its admissibility. A statement is not rendered inadmissible simply because it is not verbatim as related by the accused. King v.State, 355 So.2d 1148, 1150 (Ala.Cr.App. 1978).
Tuskegee Police Officer Otto Moore completed an "Alabama Uniform Incident/Offense Report Supplement" detailing an oral statement given him by the defendant. On appeal the voluntariness of this statement is not questioned. Our review convinces us that the statement was properly admitted into evidence under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966), after the State had satisfied the constitutional criteria for voluntariness.
Officer Moore testified that not everything the defendant said was contained in his report and that the report was not a verbatim copy of what the defendant told him. Before the report was offered into evidence, Officer Moore used it in testifying. Defense counsel also used the report in his cross examination of Officer Moore.
While the record is not without some confusion in this regard, as to whether defense counsel objected to the admission of Officer Moore's report (State's Exhibit 2) or to a document only identified in the record as State's Exhibit 3 and never admitted into evidence, it is clear that when the State finally offered Officer Moore's report into evidence there was no objection. Without an objection and an adverse ruling, the defendant cannot complain and this Court has nothing to review.Harris v. State, 347 So.2d 1363 (Ala.Cr.App.), cert. denied,347 So.2d 1368 (1977). Moreover, we fail to see how the admission of the report could have prejudiced the defendant as the contents of that document had been fully revealed to the jury prior to its admission. Rule 45, A.R.A.P. See also Kelleyv. State, 366 So.2d 1145 (Ala.Cr.App. 1979).
A careful search of the record reveals no error prejudicially affecting the substantial rights of defendant. The judgment of conviction is affirmed.
AFFIRMED.
All Judges concur. *Page 922