Wayne Steven Fuller was indicted for theft in the second degree in violation of § 13A-8-4, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment" and he was sentenced to three years' imprisonment in the penitentiary.
Harold Allred stated that his office is located in the same building as the office of A.J. Garner. Garner, a contractor, stores construction material behind his building.
When Allred arrived at his office at 8:00 on the morning of November 19, 1982, he observed two black males removing aluminum doors and windows from Garner's storage site. Allred asked the men what they were doing and one of them replied that Garner had given him the windows to put in his house. Allred then went into his office and called the police.
When the police arrived, they found the appellant and another man across the street from Garner's office in some bushes. The aluminum doors and windows were also in the bushes.
Garner testified that the aluminum doors and windows found in the bushes belonged to him and that he had not given anyone permission to take them on the day in question.
The appellant testified that on the morning of November 19, 1982, he was walking down the alley next to Garner's office and saw some aluminum in a garbage dumpster. Thinking the aluminum was trash, he took it out of the dumpster and hauled it across the street. At some point, a man drove up and the appellant asked him if he could have the aluminum. The man told him that he would have to wait and talk to his boss at 9:00 a.m. The appellant said he was going to ask the owner for permission to take the aluminum but was arrested before he had the opportunity.
 I
The appellant contends that the State failed to prove he had the intent to steal Garner's property. We disagree. *Page 454 
Even though the appellant stated that he intended to return the doors and windows if he was not given permission to keep them, he admitted that he did not have the owner's permission when he took them. The State produced ample evidence from which the jury could conclude, by reasonable inference, that the appellant did have the requisite intent sufficient to sustain his conviction for theft in the second degree.
As the appellant admits in his brief, "[t]his court has consistently held that in a prosecution for theft, i.e., the issue of whether the appellant had the intent to deprive the victim of his property is a question for the jury. Barbee v.State, 395 So.2d 1128 (Ala.Crim.App. 1981); Craig v. State,410 So.2d 449 (Ala.Crim.App. 1981)." Anderson v. State,418 So.2d 967, 969 (Ala.Crim.App. 1982).
Therefore, the question of the appellant's intent was for the jury and was properly resolved against this appellant.
 II
During the trial of this case a statement made by the appellant was read into evidence. Included in the statement was an admission by the appellant that he had been arrested before and had served time in the city jail. The appellant contends this matter should have been excluded from the statement before it was admitted into evidence.
While we agree it was error not to exclude this matter, we do not find that this issue was properly preserved for our review. No objection to the admission of the statement into evidence appears in this record. This court cannot consider matters on appeal that were not preserved for review by objection at trial. Woods v. State, 416 So.2d 794 (Ala.Crim.App. 1982).
The appellant did file a Motion to Limit Testimony prior to trial asking the court to eliminate the portion of the appellant's statement concerning his prior arrest. There is an indication in the record that a hearing was held on this motion prior to the admission of the statement into evidence. However, a transcript of that hearing does not appear in this record. This court's review is limited solely to matters appearing in the record. Morton v. State, 409 So.2d 968 (Ala.Crim.App. 1981), cert. denied, 409 So.2d 968 (Ala. 1982); Copeland v.State, 455 So.2d 951 (Ala.Crim.App.), cert. denied,455 So.2d 951 (Ala. 1984).
The appellant should have filed a motion to supplement the record with this court asking that the record be amended to include a transcription of the hearing on the appellant's Motion to Limit Testimony. This procedure is prescribed in Rule 10 (f), Alabama Rules of Appellate Procedure. Thus, this issue is not preserved for our review.
This cause is, therefore, due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 606