In a trial de novo in Jefferson Circuit Court, a jury convicted Gary Dee Vance of driving under the influence of alcohol. He was fined $400 and was ordered to pay court costs and to attend DUI school. The only issue raised on this appeal concerns the trial court's denial of the ground of the motion for new trial alleging an improper amendment of the charge.
Subsection (a) of § 32-5A-191, Ala. Code (1975), provides in pertinent part that "[a] person shall not drive or be in actual physical control of any vehicle while: (1) There is 0.10 percent or more by weight of alcohol in his blood [or] (2) Under the influence of alcohol." The Alabama Supreme Court has held that driving with "0.10 percent or more by weight of alcohol in [one's] blood" in violation of subsection (a)(1) and driving "[u]nder the influence of alcohol" in violation of subsection (a)(2) "are not separate offenses, but are two methods of proving the same offense — driving under theinfluence of alcohol. Sisson v. State, 528 So.2d 1159 (Ala. 1988)." Ex parte Buckner, 549 So.2d 451, 452 (Ala. 1989) (emphasis added).
Vance was originally convicted in Hoover Municipal Court. The Uniform Traffic Ticket and Complaint ("UTTC") upon which he was convicted in that court charged him with "Driving while under the influence of: X Alcohol Test type: 1 BAC .20" in violation of municipal ordinance "(386) (32 5A 191(A)(1)." This UTTC, designated "Form UTC-1 Rev. 11/83," alleges that the offense occurred "on or about 12/11/86." On appeal to the circuit court, the city prosecutor filed a complaint charging Vance with driving or being in control of a vehicle "while under the influence of alcohol in violation of Section 32-5A-191(a)(2) of the Code of Alabama, 1975, which section was incorporated by the City of Hoover in Ordinance No. 386. . . ."
The UTTC and the city prosecutor's complaint involved in the instant case are very similar to the UTTC and complaint at issue in Sisson v. State, supra. In Sisson, the defendant was convicted in district court upon a UTTC, Form UTC-1 Rev. 11/83, which charged him with "[d]riving while under the influence of alcohol-Intoxilyzer 5000 — BAC .18 in violation of §32-5A-191(a)(1) State Code." 528 So.2d at 1160. On appeal to the circuit court, the prosecutor originally filed a complaint charging that Sisson "did drive or was in actual physical control of a vehicle while he was under the influence of alcohol in violation of § 32-5A-191(a)(1)." Id. At the hearing on Sisson's motion to dismiss the complaint, the original complaint was amended, over Sisson's objection, to charge that Sisson "did drive or was in actual physical control of a vehicle while he was *Page 1253 
under the influence of alcohol, and there was 0.18 percent by weight of alcohol in his blood, in violation of §32-5A-191(a)(1)." Id.
Our supreme court stated that the UTTC given to Sisson was clearly the "wrong" form, as this form had been superseded by Form UTC-1 Rev. 1/86[1] "effective January 1, 1986, prior to the date of [the] offense." Id. at 1161. The court also held that "this form [Form UTC-1 Rev. 11/83] does not show whether the charge is brought under subsection (a)(1) or (a)(2)." Id. For this reason, the original complaint filed by the state, which by its wording alleged a violation of subsection (a)(2), although subsection (a)(1) was cited,[2] was deemed to be an amendment of the charge against Sisson. Sisson timely objected to both this amendment and the subsequent amendment of the prosecutor's complaint. Consequently, these amendments were held improper under Rule 15.5(a), A.R.Cr.P.Temp. See Sisson,528 So.2d at 1163-64.
This court has recognized that Rule 15.5(a) "makes complaints, like indictments, absolutely non-amendable without the consent of the defendant." Mason v. City of Vestavia Hills,518 So.2d 221, 223 (Ala.Cr.App. 1987). A UTTC, of course, is a "complaint," see Rule 15.1(c). Therefore, under Rule 15.5(a), a UTTC cannot be amended by a prosecutor's complaint without the defendant's consent. While violations of Rule 15.5(a) are subject to a harmless error analysis, e.g. Spurlin v. State,539 So.2d 403, 406 (Ala.Cr.App. 1988), affirmed, 539 So.2d 407
(Ala. 1989); Mason v. City of Vestavia Hills, 518 So.2d at 224;Edwards v. State, 480 So.2d 1259, 1264 (Ala.Cr.App.), cert. denied, 480 So.2d 1264 (Ala. 1985), the Supreme Court's decision in Sisson renders such an analysis inappropriate in this situation. Furthermore, the instant case differs significantly from Sisson in that Sisson timely objected to the amendment and the defendant in this case did not.
An objection to an improper amendment must be made in a timely manner or it is waived. See Beals v. State,533 So.2d 717, 719 (Ala.Cr.App. 1988) (objection to a complaint on the ground that it improperly amended the UTTC "was delinquent because it was made after the jury had been selected and empaneled"). Cf. Government of Canal Zone v. Burjan,596 F.2d 690, 692-93 (5th Cir. 1979) (where defendant's objection to an amendment was untimely, the objection was waived). Under Rule 16.2(a), A.R.Cr.P.Temp, "[o]bjections based on defects in the commencement of the proceeding or in the charge, other thanlack of subject matter jurisdiction or failure to charge anoffense,[3] may be raised only by pre-trial motion made in accordance with Temporary Rule 16.3." (Emphasis and footnote added.) Objections to an improper amendment fall within this rule, see Burjan, supra (applying Rule 12(b)(2), Fed.R.Cr.P., which is very similar to our Rule 16.2(a), to an objection to an improper amendment), and consequently *Page 1254 
must be made within the time specified by Rule 16.3. Rule 16.3(a) provides that pretrial motions required by Rule 16.2 "must be made: (1) [i]n circuit court at or before arraignment or by such later date as may be set by the court; and (2) [i]n district court or municipal court at the time of or before entering a plea." It follows that, in order to timely object to any alleged amendment contained in the prosecutor's complaint, a DUI defendant who appeals to circuit court for a trial denovo must raise that objection "at or before arraignment" or by some other date set by the court. There is nothing in the record before us to indicate that Vance objected to the amendment in accordance with Rule 16.3(a).
Vance's motion for new trial includes the following assertion:
 "The City of Hoover originally charged the defendant with violating 32-5A-191(a)(1) Code of Alabama, 1975.[4] The City of Hoover was allowed to amend the complaint to the charge of violating 32-5A-191(a)(2), Code of Alabama, 1975, over the timely objection of the defendant. Rule 15.5(a) of the Alabama Temporary Rules of Criminal Procedure prohibits the amendment of the complaint without the consent of the defendant. The case of [Sisson v. State, 528 So.2d 1159 (Ala. 1988)], is directly on point and a copy of the decision of the Alabama Supreme Court is attached hereto and marked as Exhibit A." (Emphasis and footnote added.)
However, this motion is unverified and the assertions of counsel therein "are bare allegations and cannot be considered as evidence or proof of the facts alleged." Daniels v. State,416 So.2d 760, 762 (Ala.Cr.App. 1982) (quoting Smith v. State,364 So.2d 1, 14 (Ala.Cr.App. 1978)), quoted in Thompson v.State, 444 So.2d 899, 902 (Ala.Cr.App. 1984).
Moreover, the record before us does not contain the transcript of any of the proceedings in either municipal court or circuit court, except for the hearing on the motion for new trial. At that hearing, counsel asserted that the amendment had been made over the "timely objection of the defendant." However, "[s]tatements made by counsel are not evidence." Halev. State, 355 So.2d 1158, 1160 (Ala.Cr.App. 1978), quoted inGwin v. State, 425 So.2d 500, 504 (Ala.Cr.App. 1982), writ quashed, 425 So.2d 510 (Ala. 1983). "This court's review is limited to matters found in the record submitted on appeal [which does not include] allegations made at trial or argument made in brief, reciting matters not disclosed or supported by the record." Cowgill v. State, 426 So.2d 517, 520 (Ala.Cr.App. 1982). Cf. Smith v. State, 409 So.2d 455, 459 (Ala.Cr.App. 1981) ("there is nothing in the record to verify appellant's arguments at trial and his stated grounds in his 'motion to quash' that he indeed requested, and the trial court so ordered, a preliminary hearing").
The minute entry contains the following:
 "This the 29th day of August, 1988, came [the city prosecutor], and also came the defendant in his own proper person and by [his attorney], and the City files its Complaint. The defendant being arraigned upon the Complaint, enters his plea of not guilty, and thereupon came a jury of good and lawful person[s], . . . who being duly empaneled and sworn according to Law, before whom the trial of this cause was entered upon."
There is no indication in the minute entry that any written or oral motion or objection based on the improper amendment was timely raised or ruled on. Other than the motion for new trial, the record does not contain a written motion or objection which raises this matter. Further, it does not appear that a "[s]tatement of the evidence or proceedings when no report was made or when the transcript is unavailable" was submitted under Rule 10(d), A.R.A.P. From the record before this court, it appears that the objection to the amendment was not raised until the motion for new trial was made and, therefore, that it was *Page 1255 
untimely. See Beals; Burjan, supra. Consequently, the motion for new trial was properly denied.
The judgment of the Jefferson Circuit Court is affirmed.
AFFIRMED.
All Judges concur.
[1] Both the superseded UTTC utilized in Sisson and the form used in this case, Form UTC-1 Rev. 11/83, and the amended UTTC which replaced it, Form UTC-1 Rev. 1/86, are reproduced in Sisson,528 So.2d at 1165, 1166 (Appendices A and B), respectively. We note that the form has again been amended and Form UTC-1 Rev. 1/89 became effective January 25, 1989. Rule 19, A.R.Jud.Adm. However, Form UTC-1 Rev. 1/86 has not been recalled (as has Form UTC-1 Rev. 11/83) and may still be used. See Rule 19(d), A.R.Jud.Adm.
[2] In analyzing this complaint, this court concluded that it charged a violation of subsection (a)(2), "not[ing] that the mere citation of § 32-5A-191(a)(1) . . . is insufficient to charge that particular offense in the absence of language specifying the 'conduct sought to be condemned' by it." Sissonv. State, 528 So.2d 1151, 1154 (Ala.Cr.App. 1987). See also Exparte Washington, 448 So.2d 404, 407 (Ala. 1984); Bishop v.State, 555 So.2d 317, 318 (Ala.Cr.App. 1989); Corum v. City ofHuntsville, 491 So.2d 1091, 1093 (Ala.Cr.App. 1986).
[3] Rule 16.2(d) provides: "The lack of subject matter jurisdiction or the failure of the charge to state an offense may be raised by the court or by motion of the defendant at any time during the pendency of the proceeding." Here, the UTTC given to Vance, while voidable upon proper objection in the municipal court, see City of Dothan v. Holloway,501 So.2d 1175, 1176 (Ala.Cr.App. 1986), was not void for failing to state an offense. The prosecutor's complaint filed in circuit court clearly charged an offense. The problem with that complaint is that it amended the UTTC. Thus, this was not a matter which could be raised by Vance at any time.
[4] We note that under Sisson, this UTTC did "not show whether the charge [was] brought under subsection (a)(1) or (a)(2)."528 So.2d at 1161.