TYSON, Judge.
Christopher Hershel Meadows was charged with driving under the influence in the Birmingham Municipal Court. The Uniform Traffic Ticket and Complaint (UTTC) in municipal court charged Meadows with driving “under the influence of alcohol” (R. 26). Meadows was found “guilty as charged” in municipal court, and he appealed his conviction to the Jefferson County Circuit Court. On appeal, the prosecutor filed a complaint charging Meadows with driving “while there was 0.10 percent or more by weight of alcohol in defendant’s blood” (R. 25). Defense counsel made a motion to dismiss the complaint, and the prosecutor filed an amended complaint which charged Meadows with “driving under the influence of alcohol.” Defense counsel objected to the prosecutor’s amendment of the complaint, and the trial court overruled his objections. Meadows then pleaded guilty to the last complaint which charged him with driving “under the influence of alcohol,” but he specifically reserved the right to appeal his conviction based on the fact that he believed the original complaint (the UTTC) had been improperly amended to his detriment.[1] Hence, this appeal.
I
The appellant contends that the first complaint filed by the prosecutor was an improper amendment of the UTTC and that the second complaint filed was an improper amendment of the first complaint. We agree.
“This court has recognized that Rule 15.5(a) [A.R.Crim.P.Temp.] ‘makes complaints, like indictments, absolutely non-amendable without the consent of the defendant.’ Mason v. City of Vestavia Hill, 518 So.2d 221, 223 (Ala.Crim.App.1987). A UTTC, of course, is a ‘complaint,’ see Rule 15.1(c). Therefore, under Rule 15.5(a), a UTTC cannot be amended by a prosecutor’s complaint without the defendant’s consent.”
Vance v. City of Hoover, 565 So.2d 1251, 1253 (Ala.Crim.App.1990).
The facts in Sisson v. State, 528 So.2d 1159 (Ala.1988), are analogous to the facts here. In Sisson,
“the defendant was convicted in district court upon a UTTC, Form UTC-1 Rev. 11/83, which charged him with ‘[djriving while under the influence of alcohol — In-toxilyzer 5000-BAC .18 in violation of § 32-5A-191(a)(l) State Code. 528 So.2d at 1160. On appeal to the circuit court, the prosecutor originally filed a complaint charging that Sisson ‘did drive or was in actual physical control of a vehicle while he was under the influence of alcohol in violation of § 32-5A-191(a)(l).’ Id. At the hearing on Sisson’s motion to dismiss the complaint, the original complaint was amended, over Sisson’s objection, to charge that Sisson ‘did drive or was in actual physical control of a vehicle while he was under the influence of alcohol, and there was 0.18 percent by weight of alcohol in *605 his blood, in violation of § 32-5A-191(a)(l).’ ”
Vance, 565 So.2d at 1252-53. In its opinion in Sisson, the Alabama Supreme Court held:
“The original complaint filed by the state, which by its wording alleged a violation of subsection (a)(2), although subsection (a)(1) was cited, was deemed to be an amendment of the charge against Sisson. Sisson timely objected to both this amendment and the subsequent amendment of the prosecutor’s complaint. Consequently, these amendments were held improper under Rule 15.5(a), A.R.Cr.P.Temp.”
Vance, 565 So.2d at 1253 (footnote omitted).
Thus, the facts of Sisson are almost identical to those in the case at bar except that in Sisson the UTTC charged Sisson with driving with more than .10 percent of alcohol in his blood while in this case the UTTC charged the appellant with driving under the influence of alcohol. Therefore, the first complaint filed by the prosecutor and its subsequent amendment were improper. Sisson; Vance.
The State contends the amendments were harmless because the second complaint was in accordance with the UTTC. While “the improper or unauthorized amendment of a complaint is subject to harmless error analysis,” Fearn v. City of Huntsville, 568 So.2d 349, 350 (Ala.Crim.App.), cert. denied (Ala.1990), we cannot say that this error was harmless in light of the fact that the Supreme Court did not find harmless error under the exact same situation in Sisson.[2]
Furthermore, we believe that the appellant was prejudiced by the two amendments of the UTTC. As defense counsel correctly noted in the hearing on the motion to dismiss, he had to object to the amendment of the UTTC in order to preserve this issue on appeal. See Vance. His objection to the first complaint allowed the prosecutor the opportunity to correct the mistake by amending the first complaint so that it would be in accordance with the UTTC. As defense counsel stated at the hearing, if he had remained silent concerning the first complaint, the appellant would not have been convicted under that complaint because there was no proof that the appellant was driving with more than .10 percent of alcohol in his blood.
“Two wrongs do not make a right” in this case, and the appellant was clearly prejudiced by the prosecutor’s amendment of the UTTC and his subsequent amendment of the first complaint filed by him in circuit court. This cause must be reversed and remanded for a new trial. Sisson.
II
We also note that the appellant contends in brief that this cause is due to be reversed because the City did not plead and prove the municipal ordinance which he allegedly violated. In Woodson v. City of Selma, 578 So.2d 1049 (Ala.1991), the Alabama Supreme Court held that the City of Selma did not establish a prima facie ease when it failed to introduce the municipal ordinance which Woodson was accused of violating, despite the fact that there was a stipulation by the parties waiving the requirement that the city clerk authenticate the adoption of the ordinance. In its decision reversing Woodson’s conviction, the Supreme Court found this issue had been properly preserved for review because “Woodson, after presentation of the City’s case, moved the trial court to dismiss the City’s case or to acquit on the basis that the City had failed to introduce the appropriate ordinance and had therefore failed to make out a prima facie case.”[3]
In the case at bar, the appellant never brought this matter to the attention of the trial court. The appellant pleaded guilty to this offense and, thus, there was no motion *606 to exclude or motion for judgment of acquittal. The only issue the appellant reserved for appeal was the issue which was discussed in part I of this opinion. Thus, the appellant failed to preserve this issue for our review. However, since this case has been reversed and remanded for a new trial, we will address the merits of this issue in the interest of judicial economy.
In responding to this issue in brief, the state, in addition to arguing that this issue was not properly preserved for our review, cites us to § 11-45-11, Code of Alabama 1975. This statute provides that “[a]ll courts of the state of Alabama shall take judicial notice of all municipal ordinances of each Class 1 municipality.” Section 11-40-12, Code of Alabama 1975, defines Class 1 municipalities as “[a]ll cities with a population of 300,000 inhabitants or more.”
Courts may take judicial notice of the population of municipalities within their jurisdiction. 29 Am.Jur.2d Evidence § 65 (1967). The City of Birmingham is within the jurisdiction of this court. Therefore, we take judicial notice that the City of Birmingham, Alabama, has a population of more than 300,000 inhabitants, see Cobb v. Montgomery Library Bd., 207 F.Supp. 880 (M.D.Ala.1962); City of Homewood v. State ex. rel. City of Birmingham, 358 So.2d 424 (Ala.1978); City of Hueytown v. Jiffy Chek Co. of Alabama, 342 So.2d 761 (Ala.1976), which makes Birmingham a Class 1 municipality, see Siegelman v. Folmar, 432 So.2d 1246 (Ala.1983).
Thus, while the City of Birmingham need not plead and prove its municipal ordinances, there must be some affirmative showing in the record that the applicable court has taken judicial notice of the municipal ordinances of the City of Birmingham. See Fuller v. State, 472 So.2d 452 (Ala.Crim.App.1985) (review by this court is limited solely to matters which appear in the record). There was no showing in the record that this was done in this case. However, as we stated earlier, this issue was not preserved for our review and a reversal on this ground is not mandated.
For the reasons given in part I of this opinion, the judgment of the trial court is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.

. We must note that only the general municipal ordinance was cited in the UTTC and the two complaints. No specific subsection of the ordinance was cited in the three complaints.

. We note that the Supreme Court did not address harmless error in its opinion in Sisson.

. We assume that the Supreme Court’s consideration of the preservation issue indicates that the Court does not believe that the failure of a municipality to plead and prove an applicable ordinance is a jurisdiction question.