McMILLAN, Judge.
The appellant, Carl Timothy McDonald, was found guilty in the municipal court of the City of Birmingham of the offenses of speed *536 ing, in violation of municipal ordinance GCC, § 10-6-1, and of driving or being in actual physical control of a vehicle while there was .10% or more by weight of alcohol, in violation of municipal ordinance GCC, § 10-8-1. The appellant appealed his conviction to the Circuit Court of Jefferson County for a trial de novo, wherein the appellant was found guilty for the offenses of speeding and of driving under the influence of alcohol. He was fined $50 and assessed costs of court for the speeding conviction, and was fined $250 and assessed costs of court for the conviction for driving under the influence of alcohol. He was also sentenced to 17 days’ imprisonment, which sentence was suspended and one-year’s probation.
The appellant argues that the circuit court’s judgment must be reversed and a judgment rendered in his favor because the circuit court failed to take judicial notice of the city ordinances on which his convictions were based; he argues that the prosecutor never requested the court to take judicial notice of the municipal ordinances of the City of Birmingham, and the court did not sua sponte take judicial notice of these ordinances. The City of Birmingham argues that this issue was not preserved for appeal because, it says, the appellant never specifically objected on this ground at trial. The appellant responds that his motions to exclude, for a directed verdict, and for a judgment of acquittal on the ground that the prosecution failed to make a prima facie case, adequately preserved this matter for review, citing Ex parte Maxwell, 439 So.2d 715 (Ala. 1983), and Meadows v. City of Birmingham, 582 So.2d 603 (Ala.Cr.App.1991).
“In order to preserve a contention that the prosecution failed to enter a municipal ordinance into evidence, ‘[i]t is sufficient that the defendant state the ground that the prosecution has failed to make a prima facie case.’ Ex parte Maxwell, 439 So.2d 715, 717 (Ala.1983). See also Ex parte Woodson, 578 So.2d 1049, 1051 (Ala.1991); Hanson v. City of Trussville, 539 So.2d 1082, 1084 (Ala.Cr.App.1988).”
Truman v. City of Enterprise, 606 So.2d 1151, 1152 (Ala.Cr.App.1992). Because the appellant, in his motions to exclude, for a directed verdict, and for a judgment of acquittal, raised the ground that the prosecutor failed to make a prima facie case against him, this matter is properly preserved for review. The appellant also specifically raised this issue as his ground in his motion for new trial.
“ ‘[I]t is well established that in a criminal prosecution for violation of a city ordinance the city must plead and prove the ordinance.’ Ex parte Maxwell, 439 So.2d 715, 716 (Ala.1983). A copy of a municipal ordinance is authenticated by proving that it came from an official authorized publication of the city code. § 12-21-95; § 12-21-73(5); C. Gamble, McElroy’s Alabama Evidence § 322.02(3) (3d ed. 1977).”
Nerud v. City of Mountain Brook, 517 So.2d 652, 654 (Ala.Cr.App.1987).
While proof of a city ordinance allegedly violated remains a necessary element in a prosecution charging a violation of that ordinance, where the municipality involved is a Class 1 municipality, i.e., a city with a population of 300,000 or more, § 11-40-12, Code of Alabama 1975, “[a]ll courts of the state of Alabama shall take judicial notice of all municipal ordinances of each Class 1 municipality.” § 11 — 45—11, Code of Alabama 1975. Thus, the trial court was directed by § 11-45-11 to take judicial notice of this municipal ordinance. However, the record indicates that the trial court never did so and, when the appellant raised this specific matter in his motion for a new trial, the trial court, according to the case action summary, denied the motion without a hearing.
In Meadows v. City of Birmingham, 582 So.2d 603 (Ala.Cr.App.1991), this court addressed this issue, and found that the matter had not been preserved, because the defendant had pleaded guilty to the offense, and had made no motion to exclude or motion for a judgment of acquittal. However, this court went on to refer to the court’s power to take judicial notice of the ordinances of a Class 1 municipality, stating:
“Thus, while the City of Birmingham need not plead and prove its municipal ordinances, there must be some affirmative showing in the record that the applicable court has taken judicial notice of the municipal ordinances of the City of Birming-
*537 ham. See Fuller v. State, 472 So.2d 452 (Ala.Crim.App.1985) (review by this court is limited solely to matters which appear in the record). There was no showing in the record that this was done in this case. However, as we stated earlier, this issue was not preserved for our review and a reversal on this ground is not mandated.”
582 So.2d at 606.
In this case, because there is no indication in the record that the trial court took judicial notice of the ordinances, and because proof of the violated ordinances is a necessary element of the prosecutor’s prima facie case, the judgment is due to reversed and a judgment rendered in the appellant’s favor. “ ‘To blithely assume that judicial notice was taken under these circumstances would run afoul of ... appellant's due process rights.’ [United States v.] Damato, 554 F.2d [1371], at 1374 [ (5th Cir.1977) ]. See also Prather v. City of Hoover, 585 So.2d 257 (Ala.Cr.App. 1981).” Ikner v. State, 600 So.2d 435, 439 (Ala.Cr.App.1992).
REVERSED AND JUDGMENT RENDERED.
All Judges concur, except MONTIEL, J., who dissents with opinion.