528 So.2d 1159 (1988)
Ex parte STATE of Alabama.
(Re Roy Gayle Sisson v. State).
86-1449.
Supreme Court of Alabama.
June 24, 1988.
*1160 Don Siegelman, Atty. Gen., and Rivard Melson, Asst. Atty. Gen., for petitioner.
Arthur Parker, Birmingham, for respondent.
MADDOX, Justice.
We granted the writ on the petition of the State of Alabama to review the holding of the Court of Criminal Appeals that the provisions of subsections (a)(1) and (a)(2) of Ala.Code 1975, § 32-5A-191 (driving while under the influence of alcohol, controlled substances, etc.) constitute two separate offenses and that a complaint charging the defendant with violating subsection (a)(1) could not be amended to add a violation of subsection (a)(2).
Section 32-5A-191, in pertinent part, reads as follows:
"(a) A person shall not drive or be in actual physical control of any vehicle while:
"(1) There is 0.10 percent or more by weight of alcohol in his blood;
"(2) Under the influence of alcohol;"
The facts necessary to our resolution of the question presented on this petition are set out in the opinion of the Court of Criminal Appeals, as follows:
"Roy Gayle Sisson was charged in the Jefferson County District Court, via Uniform Traffic Ticket and Complaint [`U.T. T.C.'] H-0792207, with the following:
"`Driving while under the influence of alcohol-Intoxilizer 5000BAC .18 in violation of § 32-5A-191(a)(1) State Code.' (R. 219)
"He was found `guilty as charged' (R. 219), ordered to pay a fine of $300.00 plus court costs and ordered to perform 20 hours of community service. (R. 219)
"Sisson appealed his conviction to the Jefferson County Circuit Court where, in a trial de novo, a jury found him `guilty of driving a vehicle while under the influence of alcohol as charged in the complaint.' (R. 216, 226, 227) He was sentenced to pay a fine of $250.00 plus court costs and ordered to attend DUI school in Birmingham. (R. 216-217, 227)
"* * *
"On the day of trial, June 30, 1986, the State filed its first `District Attorney's Complaint' [the `original complaint'] which charged the following:
"`Roy Gayle Sisson did drive or was in actual physical control of a vehicle while he was under the influence of alcohol, in violation of § 32-5A-191(a)(1).' (R. 220)
"The appellant filed a motion to dismiss this original complaint. (R. 230-231)
"A hearing was held on the motion. (R. 1-40) During the hearing, over the appellant's objection, the trial judge allowed the state to amend the original complaint. (R. 12) The amended complaint charged the following:
"`Roy Gayle Sisson did drive or was in actual physical control of a vehicle while he was under the influence of alcohol, and there was 0.18 percent by weight of alcohol in his blood, in violation of § 32-5A-191(a)(1).' (R. 221) [hereinafter the `amended complaint']
"The appellant then filed a motion to dismiss the amended complaint. (R. 13, 232). This motion was overruled. (R. 18,40)
"The appellant claims that the district attorney's original complaint changed *1161 the nature of the offense by adding the words `or was in actual physical control of a vehicle ...' (Brief of appellant p. 15) We disagree."
It is apparent from the record that the arresting officer in this case used a Uniform Traffic Ticket and Complaint that had been superseded. The pertinent portion of the U.T.T.C. that the officer used is shown in Appendix A to this opinion. In that portion of the form entitled "Description of Offense," the following appears:
"Driving while under the influence of
"[4] alcohol test type ___ BAC ___"
As is apparent, this form does not show whether the charge is brought under subsection (a)(1) or (a)(2).
This Court, on October 28, 1985, amended Rule 19, Ala.R.Jud.Adm., to make changes in the U.T.T.C., and with regard to the particular problem here presented, amended the section entitled "Description of Offense" to read, as follows:
"Did drive or be in actual physical control of a vehicle while:
"[4] There was .10% or more by weight of alcohol in his blood. BAC ___
"[4] Under the influence of alcohol"
See Appendix B.
The amendment to the U.T.T.C. was effective January 1, 1986, prior to the date of this offense (February 1, 1986). Obviously, the arresting officer used the wrong U.T. T.C. form.
Rule 19 states that the U.T.T.C. approved by this Court "shall be used in all traffic cases in all courts of the state." The critical question is, however, whether the failure of the arresting officer to use the "new" traffic ticket affects the outcome of this case. We believe that it does.

I
We first address the holding of the Court of Criminal Appeals that subsections (a)(1) and (a)(2) constitute two separate offenses.
The Court of Criminals Appeals' reversal of Sisson's conviction is bottomed on its holding that subsections (a)(1) and (a)(2) of § 32-5A-191 constitute two separate offenses, and, therefore, that court held that the state could not amend the charge under the provisions of Rule 15.5(a), Ala.Temp.R. Crim.P., which states:
"(a) Amendment of charge. A charge may be amended by order of the court with the consent of the defendant in all cases except to change the offense or to charge new offenses not included in the original indictment, information, or complaint."
We are of the opinion that the Court of Criminal Appeals erred in holding that subsections (a)(1) and (a)(2) constitute two separate offenses, but we are also of the opinion that the state, under the provisions of Rule 15.5(a), could not amend the charge without the consent of the defendant.
The statute in question, § 32-5A-191, reads, in pertinent part:
"(a) A person shall not drive or be in actual physical control of any vehicle while:
"(1) There is 0.10 percent or more by weight of alcohol in his blood;
"(2) Under the influence of alcohol;"
We note that the Court of Criminal Appeals, in its decision, relied on two cases from Georgia; Peters v. State, 175 Ga.App. 463, 333 S.E.2d 436 (1985) and Atkins v. State, 175 Ga.App. 470, 333 S.E.2d 441 (1985), which were overruled by Hogan v. State, 178 Ga.App. 534, 343 S.E.2d 770, 771 (1986). In a later opinion, the Court of Criminal Appeals recognized the fact that these two Georgia decisions had been overruled, and that two other decisions it had relied on in this case "only inferentially support the conclusion reached." See Collier v. State, [Ms. 1 Div. 427, Nov. 10, 1987] (Ala.Crim.App.1987).
The Court of Criminal Appeals in Collier, however, did not retreat from its decision in this case, holding in Collier that authority from this Court supported its conclusion that subsections (a)(1) and (a)(2) of § 32-5A-191 are separate offenses. We disagree.
The Court of Criminal Appeals, in Collier, drew an analogy between the Alabama DUI statute and the Alabama murder *1162 and sexual misconduct statutes, as follows:
"This conclusion is supported by authority from our own state.
"Alabama Code 1975, § 13A-6-2, defines the crime of murder and provides two alternative methods by which it may be committed. Subsection (a)(1) defines intentional murder. In Ex parte Washington, 448 So.2d 404 (Ala.1984), our Supreme Court held that where the indictment charged intentional murder, it was error to instruct the jury on universal malice murder. Although the court recognized that `the intentional murder and reckless murder alternatives are contained in different subsections of § 13A-6-2,' the court held that the two `offenses' were different and that one was not a lesser included offense of the other.
"Section 13A-6-65(a) provides: `A person commits the crime of sexual misconduct if: (1) being a male, he engages in sexual intercourse with a female without her consent, ... or with her consent where consent was obtained by the use of any fraud or artifice.' In Ex parte Hightower, 443 So.2d 1272 (Ala.1983), the complaint charged that the sexual intercourse was without consent, but the proof showed that consent was obtained by artifice. Our Supreme Court held that there was a fatal variance between the complaint's charge of sexual misconduct and the proof of the other kind of sexual misconduct defined in § 13A-6-65(a)(1). Quoting from House v. State, 380 So.2d 940, 942-43 (Ala. 1979), the court stated:
`The policy behind the variance rule is that the accused should have sufficient notice to enable him to defend himself at trial on the crime for which he has been indicted and proof of a different crime or the same crime under a different set of facts deprives him of that notice to which he is constitutionally entitled.'
"Washington and Hightower lead this Court to the conclusion that, even though a statute provides alternative or different methods of committing the same crime, each alternative will be treated as a separate offense for purposes of pleading and proof. Therefore, we conclude that the offense of driving under the influence of alcohol under § 32-5A-191(a)(2) is a separate offense from driving with a blood-alcohol level of 0.10% or more under § 32-5A-191(a)(1)."
In short, the Court of Criminal Appeals, in Collier, held that where there are two different methods of proving the offense charged in one statute, they constitute separate offenses. We disagree.
Section 32-5A-191(a)(1) and (2) are merely two different methods of proving the same offensedriving under the influence.
"Moreover, there is no need to distinguish between `being under the influence of intoxicating liquors' and being `intoxicated.' As Judge Samford commented in Holley v. State, 25 Ala.App. 260, 261, 144 So. 535 (1932):
"`The difference is that of "Tweedle dee and Tweedle dum." ... There are perhaps as many stages of intoxication as there are varieties of Heinz pickles, and the party affected rarely knows when he passes from one to another. But, in whatever state he is, if he drives a vehicle upon the public road he becomes a menace to the public and subjects himself to the penalties of the statute.'"
Evans v. State, 389 So.2d 567, 570 (Ala. Crim.App.1980).
We also agree with the opinion of the Georgia Court of Appeals in Hogan, which held that the two subsections of a similar statute were merely alternative methods of proving the same crime, and therefore, did not constitute separate offenses. If we applied the interpretation of the Court of Criminal Appeals, the state could prosecute a defendant under § 32-5A-191(a)(2) and, if the defendant were acquitted, reprosecute that same defendant under § 32-5A-191(a)(1) under the same operative facts. Such a result obviously could not be allowed.
We point out that the U.T.T.C. that was effective at the time Sisson was charged *1163 with "driving under the influence" (Appendix B) carries the number "4" in two places, thereby indicating that there is but one offense, but that there are two different methods for proving this one offense.
Although we hold that driving "under the influence of alcohol" and driving with ".10% or more by weight of alcohol in [one's] blood" are but one offense (See U.T.T.C., Appendix B), nevertheless, we also hold that the legislature has provided that the offense can be proved by two alternative methods. Because the Legislature has set forth in the statute the two alternative methods of proof, and because this Court, by the adoption of Rule 19, requires that an accused be notified in the U.T.T.C. of the alternative on which the state will proceed, we are constrained to hold that the state could not amend the charge in this case, because of the reasons we set out in Part II of this opinion.

II
Even though we hold that the Court of Criminal Appeals erred in holding that subsections (a)(1) and (a)(2) constitute separate offenses, we nevertheless agree that Sisson's conviction must be reversed. As pointed out in the opinion of the Court of Criminal Appeals, the state was permitted, over Sisson's objection, to amend the charge against him, that court being of the opinion that allowing the amendment substantially prejudiced Sisson's rights. We agree.
In Edwards v. State, 480 So.2d 1259, 1261-62 (Ala.Crim.App.), cert. denied, 480 So.2d 1264 (Ala.1985), the Court of Criminal Appeals discussed the effect of Rule 15.5(a), as follows:
"This rule states, `A charge may be amended by order of the court with the consent of the defendant in all cases except to change the offense or to charge new offenses not included in the original indictment, information, or complaint.' This one sentence rule was drafted based on the first sentence in Proposed Rule 13.5, Alabama Rules of Criminal Procedure. That proposed rule, however, continued with an additional sentence. `The Court may permit a charge to be amended, without the defendant's consent, at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.'
"Prior to the adoption of Rule 15.5, Ala.R.Crim.P., our Supreme Court decided Ex parte Allred, [393 So.2d 1030 (Ala. 1980)]. In that case, the conviction was reversed because of the defendant's plea of double jeopardy. At the close of the State's case, the proceedings were dismissed because the indictment alleged the issuance of a personal worthless check, when the evidence proved that the check was drawn on his corporate account, and the defendant would not agree to amending the indictment. He was thereafter re-indicted with the error corrected. Justice Maddox, in a special concurring opinion, stated:
"`This case points up the need in this state for a rule of criminal procedure which would permit an amendment to an indictment, even after commencement of the trial, if no additional offense is charged and substantial rights of the defendant are not thereby prejudiced.
"`This Court now has under consideration a proposed rule of criminal procedure which would permit amendment of the charges, "without the defendant's consent, at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." Proposed Rule 13.5, Alabama Rules of Criminal Procedure.
"`...
"`In Arizona v. Washington, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978), the court stated that "[t]he prosecutor must shoulder the burden of justifying the mistrial if he is to avoid the double jeopardy bar." Current Alabama procedure does not permit the prosecutor to amend the indictment if the defendant does not consent; therefore, this court is required *1164 to reach the result it reached in Ex parte Collins, Ala., 385 So.2d 1005 (1980).
"`Under current Alabama procedure, the prosecutor, unless he can obtain the consent of the accused, must get a new indictment. If he gets a new indictment, the defendant may have available to him the plea of double jeopardy.'
"Ex parte Allred, supra, 393 So.2d at 1033."
In this case, it is undisputed that the arresting officer used a U.T.T.C. that had been superseded. The U.T.T.C. in effect at the time of the commission of the offense designated the two methods by which a person could commit the offense, and the statute specified the two methods by which the offense could be committed; therefore, we hold that under the provisions of Rule 15.5(a) the state could not amend the charge against Sisson. The legislature, by designating two methods by which the offense could be committed, and this Court, by promulgating a rule that requires the arresting officer to specify which alternative the defendant was charged with violating, necessarily intended that the defendant receive specific notice of the charge he would be called upon to defend against.
We hold that the Court of Criminal Appeals reached the correct result, although one of the two reasons it gave was incorrect. We affirm the judgment of reversal.
AFFIRMED.
JONES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
TORBERT, C.J., and ALMON, SHORES and BEATTY, JJ., concur in the result.
*1165 APPENDIX A

*1166 APPENDIX B

*1167 TORBERT, Chief Justice (concurring in the result).
I would quash the writ. Neither the State nor the defendant takes issue with the Court of Criminal Appeals' conclusion that § 32-5A-191(a)(1) and (a)(2), Code 1975, set forth separate offenses. Notwithstanding the fact that § 32-5A-191 is entitled "Driving while under influence" and it is commonly understood that driving while one's blood alcohol content is 0.10% or more by weight implies that one is driving under the influencesee also § 32-5A-194(b)(3)§ 32-5A-191(a)(1) does not specifically require that the state show that the defendant is driving under the influence. As the statute is written, the offense is complete if the defendant is found to be driving or in actual physical control of a vehicle while there is 0.10% or more by weight of alcohol in his blood. Cf. Smith v. State, 470 So.2d 1365 (Ala.Crim. App.1985). While it may well be reasonable to question whether the legislature subjectively intended to make § 32-5A-191(a)(1) a separate offense or simply intended for § 32-5A-191(a)(1) to be a method of proving § 32-5A-191(a)(2), the statutes speak for themselves and do not in fact contain the same elements.
The majority opinion expresses concern about double jeopardy implications. Initially, I must point out that there may be many instances where the Court may be tempted to question the wisdom of legislative determinations that an event or transaction gives rise to multiple offenses. However, our evaluation of the wisdom of the legislature's action can have no bearing on the construction to be given statutes where the legislature clearly speaks. In addition, no double jeopardy question is presented, and, therefore, any discussion about a double jeopardy bar to an attempt to reprosecute the defendant under § 32-5A-191(a)(1) is premature. For examples of the complexity of the double jeopardy issue, see: Code 1975, § 13A-1-8(b); Code 1975, § 15-3-8; State v. McGaughy, 505 So.2d 399 (Ala.Crim.App.1987); Sears v. State, 479 So.2d 1308 (Ala.Crim.App. 1985); Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
I believe the Court of Criminal Appeals correctly decided the case, and I would quash the writ.
ALMON, SHORES and BEATTY, JJ., concur.