548 So.2d 580 (1988)
Thomas H. McLAUGHLIN III
v.
CITY OF HOMEWOOD.
6 Div. 608.
Court of Criminal Appeals of Alabama.
August 23, 1988.
Rehearing Denied April 28, 1989.
Certiorari Denied June 23, 1989.
*581 J. Wilson Dinsmore of Dinsmore, Waites, Stovall & Luker, Birmingham, for appellant.
Walter L. Blocker III of Smith, Hynds, Blocker, Lowther & Henderson, Birmingham, for appellee.
Alabama Supreme Court 88-1032.
McMILLAN, Judge.
The appellant was charged with running a red light, in violation of Homewood City Code § 15-5, and with driving under the influence of alcohol, in violation of Homewood City Code § 1450. In municipal court, he entered a plea of not guilty and, on stipulated facts, the court found him guilty and imposed a fine of $350, plus court costs, and ordered him to attend driving school. He appealed his case to the Circuit Court of Jefferson County, where he was again found guilty and sentenced to pay a $350 fine, plus court costs, and to attend D.U.I. school.

I
The appellant argues that the trial court erred in denying his motion to dismiss the complaint filed in circuit court because the complaint was an impermissible amendment of the original Uniform Traffic Ticket and Complaint and because the complaint was duplicitous. Defense counsel cited Sisson v. State, 528 So.2d 1151 (Ala.Cr.App.1987), affirmed, 528 So.2d 1159 (Ala.1988), in support of his argument. The appellant notes that the original U.T.T.C. charged him with:
"Driving while under the influence of alcoholTest type: 2 [intoxilyzer 5000]BAC.13 percent"
Under the "verification section," the U.T.T.C. stated that the appellant violated § 15-5, the Homewood red light ordinance, and § 32-5A-191(a)(1), as adopted by Homewood Ordinance § 1450. In municipal court, the appellant stipulated that the U.T.T.C. charged a violation of § 32-5A-191(a)(1), Code of Alabama (1975).
The complaint in circuit court charged as follows:
"Thomas H. McLaughlin, III, ... did drive or was in actual physical control of a motor vehicle while under the influence of or while having 0.10 percent or more by weight of alcohol in his blood in violation of Ordinance 1450 of the City of Homewood, Alabama...."
The complaint further sets out the language of § 1450 and provides penalties for anyone found to be in violation of § 32-5A-191, Code of Alabama (1975). The appellant argues that the addition of the words "or while having 0.10 percent or more by weight of alcohol in his blood" was an amendment and duplicitous.
The appellant's argument that the complaint is duplicitous has no merit, because the Alabama Supreme Court has recently determined that subsections (a)(1) and (a)(2) of § 32-5A-191, Code of Alabama (1975), do not constitute two separate *582 offenses, but rather two alternative methods of proving one offense, driving under the influence. Ex parte Sisson, 528 So.2d 1159 (Ala.1988). The Court held in Sisson that "the legislature has set forth in the statute the two alternative methods of proof, and because this Court, by the adoption of Rule 19, [Alabama Rules of Judicial Administration], requires that an accused be notified in the U.T.T.C. of the alternative on which the state will proceed, the state could not amend the charge in this case."[1]
The Alabama Supreme Court held in Sisson, that the appellant was substantially prejudiced by allowing the State, over his objection, to amend the charge against him in circuit court. The charge was amended from a violation of § 32-5A-191(a)(2) to a violation of subsections (a)(1) and (a)(2), where the appellant had been originally charged under the old U.T.T.C. with a violation of both subsections. The Court reasoned that the appellant was substantially prejudiced because he was forced to defend against such amended charge and was ultimately convicted of that charge without having been given sufficient notice. The Court noted that the legislature's designation of two methods for the commission of the offense and Rule 19, Alabama Rules of Judicial Administration, "necessarily intended that the defendant receive specific notice of the charge he would be called upon to defend against." The court's automatic finding of substantial prejudice, without consideration of the harmless error rule, in Sisson, appears to be the result of Rule 19's mandatory provision that the appellant be accorded notice of whether the State was proceeding under § 32-5A-191(a)(1) or subsection (a)(2). Cf. Mason v. City of Vestavia Hills, 518 So.2d 221 (Ala.Cr.App.1987). In Mason, an indictment charging the crime of indecent exposure was amended, without the appellant's consent, from charging indecent exposure "in that he, with intent to gratify sexual desire of himself, did so by exposing his genitals" to "with intent to arouse or gratify the sexual desire of himself or of another person other than his spouse." This court noted in Mason:
"Although the Alabama Supreme Court has not determined whether a violation of Rule 15.5 is subject to the harmless error rule, this court so held in Edwards v. State, [480 So.2d 1259, 1264 (Ala.Cr.App.), cert. denied, Ex parte Edwards, 480 So.2d 1264 (Ala.1985).] To refuse to apply harmless error analysis to a violation of Rule 15.5 is to elevate form over substance. We note that the predecessor to Rule 15.5, Proposed Rule 13.5, A.R.Crim.App. (A.L.I. Advisory Committee Draft), provided, `The court may permit a charge to be amended, without the defendant's consent, at any time before a verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.' See also Ex parte Allred, [393 So.2d 1030, 1033 (Ala.1980)] (Maddox, J., concurring specially); Edwards, 480 So.2d at 1261."
Id. at 224.
In the present case, the appellant was originally charged under the U.T.T.C. old form, with both methods of committing the offense of driving under the influence. However, the U.T.T.C. was amended by agreement when the parties stipulated to a violation of § 32-5A-191(a)(1) and such change was noted on the U.T.T.C. form. The appellant was then charged in circuit court with both subsections of § 32-5A-191. Thus, the complaint was amended without the appellant's consent and over his objection.
However, the appellant was not prejudiced, as was the appellant in Sisson, because the jury was only instructed on § 32-5A-191(a)(1), the charge of which he had been given notice. The following transpired during the trial court's charge to the jury:
"Now, at the outset I told youin reading the complaint I read to you that the defendant was charged with driving under the influence or while having .10 *583 percentage or more by weight of alcohol in his blood. I haveAt the request of the defendant I have given a charge which excludes from your consideration, while under the influence, that is, driving a motor vehicle while under the influence. What does remain for your consideration in this case is the following law, which is State law and has been adopted by the City of Homewood. This is what it says: `Upon the trial of any civil, criminal or quasi-criminal action or proceeding out of acts alleged to have been committed by any person while driving or in actual control of a vehicle while under the influence of alcohol[2] the amount of alcohol in a person's blood at the time alleged that's shown by the chemical analysis of the blood, the urine or the breath or other bodily substance shall give rise to the following presumptions: A person shall not drive or be in actual physical control of any vehicle while there is a 0.10 percent or more by weight of alcohol in his blood.'"
The jury found the defendant guilty on the charge of driving a vehicle while in excess of 0.10 percent by weight of alcohol in his blood. Therefore, unlike the situation in Sisson, the jury was only instructed as to § 32-5A-191(a)(1) and convicted the appellant of that offense. The appellant had stipulated to that charge in municipal court and had been on notice of that charge when proceeding to circuit court. Although the complaint in circuit court was never directly amended, the appellant's substantial rights were not prejudiced and, although the complaint should not have been amended, according to Rule 15.5, Alabama Rules of Criminal Procedure, the error was harmless. Rule 45, Alabama Rules of Appellate Procedure. See also Ex parte Allred, 393 So.2d 1030 at 1033 (1980) (Maddox, J., concurring specially).

II
The appellant argues that the trial court erred in denying his motion for judgment of acquittal and in pronouncing his conviction, due to the prosecutor's failure to plead and prove that municipal code § 1450 had been duly published or posted as required by law. The record indicates that § 1450 was admitted into evidence as State's Exhibit 2 without objection. Defense counsel did not raise this argument until his motion for judgment of acquittal. Such a motion would not preserve error in the admission of evidence where no timely objection was made at the time of its admission. Snider v. State, 406 So.2d 1008 (Ala.Cr.App.), writ denied, 406 So.2d 1015 (Ala.1981). Furthermore, this court has held that Rule 44, Alabama Rules of Civil Procedure, dispensed with the need to prove posting or publication of a municipal ordinance in order to make it admissible. Patton v. City of Decatur, 337 So.2d 173, 177 (Ala.Cr.App.1975), reversed on other grounds, 337 So.2d 321 (Ala.1976). "This lack of publication is now defensive matter available to the opponent of receiving the ordinance." Id. at 177. Because the appellant failed to timely object to the admission of the ordinance, this argument was waived.

III
The appellant argues that the prosecutor failed to prove the proper predicate for the results of his blood alcohol test. Specifically, the appellant argues that a log, which contained information concerning the inspection of the machine by a sergeant of the State Troopers office and also contained the appellant's test results, was improperly admitted into evidence under the business records exception to the hearsay rule.
During the testimony of Officer Swearingen of the City of Homewood Police Department, the following transpired:
"Q Is this the log kept in the ordinary course of business of the Homewood Police Department?
*584 "A Yes, sir.
"Q Are you a custodian of this log?
"A Well, one of them, yes, sir.
"Q One of them. Are there more than one?
"A Whoever administers the test has to fill it out."
The defendant argues that because Officer Swearingen was not the custodian of this log, it was not properly admitted under the business records exception to the hearsay rule. There is no requirement that every custodian of the log must testify before it can be admitted. In Parker v. State, 397 So.2d 199 (Ala.Cr.App.), cert. denied, 397 So.2d 203 (Ala.1981), where the state trooper who performed the test testified that the book was regularly made and maintained by each operator in the PEI room, this court held that the record book was properly admitted into evidence as a business record. Id. at 202. This court further held that "`[a]ll other circumstances of the making of such record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility.'" Id. citing cases. No error resulted from the log book's admission into evidence.
AFFIRMED.
All Judges concur.
NOTES
[1] Rule 19, Alabama Rules of Judicial Administration, was amended on October 28, 1985, to provide a change in the format of the U.T.T.C.'s "Description of Offense." Rule 19 requires that the approved form be used in all traffic cases in Alabama. It was effective as of January 1, 1986, prior to the date of this offense, which was March 3, 1987.
[2] The inclusion of the words "under the influence of alcohol" is derived from the perambulatory language for presumptions contained in § 32-5A-194(a), Code of Alabama (1975). Because § 32-5A-194(a) makes no distinction between § 32-5A-191(a)(1) and § 32-5A-191(a)(2), the language may properly be used in connection with both of these subsections. See Briggs v. City of Huntsville, 545 So.2d 167 (Ala.Cr.App.1988) (wherein it was held that § 32-5A-194(b)(3) made no distinction between the two subsections).