AFTER REMANDMENT
BOWEN, Presiding Judge.
In Sisson v. State, 528 So.2d 1159 (Ala.1988), the Alabama Supreme Court held “Section 32-5A-191(a)(l) and (2) are merely two different methods of proving the same offense — driving under the influence.” That court also held that a complaint charging a violation of subsection (a)(1) (“0.10 percent or more by weight of alcohol in his blood”) could not be amended over the defendant’s objection to add a violation of subsection (a)(2) (“under the influence of alcohol”).
*987 In Ex parte Collier, 544 So.2d 985, our Supreme Court held that this Court had erroneously held that subsections (a)(1) and (a)(2) “are separate and distinct offenses.” In reversing this Court, our Supreme Court noted, “By remanding the cause to the Court of Criminal Appeals, we should not be understood as holding that the Court of Criminal Appeals cannot affirm the conviction.”
In this case, the defendant was charged with a violation of subsection (a)(2). This Court held that the trial judge erred in charging the jury on subsection (a)(1). However, this Court found that error to be harmless because, under the particular facts of this case, “there is no possibility that the jury could have found that Collier was guilty of driving with a blood-alcohol level of 0.10 percent or more without also finding that he was guilty of driving under the influence of alcohol.” Collier v. State, 544 So.2d 981 (Ala.Cr.App.1987). We remain convinced that the trial judge committed error. We also adhere to our conclusion that, under the circumstances of this case, that error was harmless. Consequently, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.