James Erskin Fearn was convicted for driving under the influence of alcohol in violation of Ala. Code 1975, §32-5A-191(a)(2), and sentenced to 30 days in the city jail. Fearn raises two issues on this appeal from that conviction.
 I
The U.T.T.C. charged that the offense occurred on December3, 1988, at "23:56 M.T." We take judicial notice of the fact that 23:56 military time is the same as 11:56 p.m. The complaint charged that the offense occurred on December 4, 1988. Immediately before trial, the circuit court allowed the city to amend the complaint to charge December 3, 1988. In permitting this amendment, the trial judge stated: "The court is of the opinion the variance in the date is not fatal to [the defendant's] substantive rights or to any substantive facts that might give rise to his conviction or acquittal in this case." This amendment was technically improper.
Under Rule 15.5, A.R.Cr.P.Temp., a complaint may not be amended without the consent of the defendant. Sisson v. State,528 So.2d 1159, 1163-64 (Ala. 1988); Mason v. City of VestaviaHills, 518 So.2d 221, 222-24 (Ala.Cr.App. 1987). However, the improper or unauthorized amendment of a complaint is subject to harmless error analysis. McLaughlin v. City of Homewood,548 So.2d 580, 582-83 (Ala.Cr.App. 1988) (unconsented-to amendment of complaint charging a violation of § 32-5A-191(a)(1) with the addition of (a)(2) in the alternative constituted harmless error under the particular facts); Royer v. State,542 So.2d 1301, 1305 (Ala.Cr.App. 1988) (amendment of complaint charging "2-A-1-A" to a violation of (a)(1) and (a)(2) harmless); Mason, 518 So.2d at 224 (addition of alternative allegation of intent in indecent exposure case harmless). *Page 351 
In Smith v. State, 551 So.2d 1161 (Ala.Cr.App. 1989), this Court held that a variance between the indictment, which charged that the defendant committed the robbery on a certain date in one month, and the proof at trial, which showed that the robbery was committed on the same date in the following month, was not material and did not prejudice the defendant. "The general rule is that it is not necessary to state in an indictment the precise time an offense was committed." Smith, 551 So.2d at 1165.
Neither at trial nor on appeal has the defendant advanced any claim or demonstration of prejudice. Rule 15.5(c)(2) provides: "No charge shall be deemed invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, arrested, or in any manner affected, for any defect or imperfection in the charge which does not tend to prejudice the substantial rights of the defendant upon the merits." We conclude that the improper amendment did not affect or tend to prejudice the substantial rights of the defendant.
 II
The defendant alleges a violation of Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Defense counsel made his objection only after a jury had been empaneled and the remainder of the jury venire excused from this case. This issue has not been preserved for review by proper and timely objection. "[I]n order to preserve the issue for appellate review, a Batson objection, in a case in which the death penalty has not been imposed, must be made prior to the jury's being sworn." Bell v. State, 535 So.2d 210, 212 (Ala. 1988). See also Thomas v. State, 520 So.2d 223, 226 (Ala.Cr.App. 1987); Thornton v. State, 513 So.2d 83, 85-86 (Ala.Cr.App. 1987).
Furthermore, this issue is without merit. The prosecutor stated, and the evidence shows, that he struck every venire-member who had had a friend or a family member stopped or arrested for DUI. In a prosecution for DUI, and without some evidence to the contrary, we find that the exercise of a peremptory strike to remove a black veniremember because that person has had a friend or family member stopped or arrested for DUI constitutes a strike based upon a racially-neutral reason.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.