LONG, Presiding Judge.
Following a trial de novo in circuit court, the appellant, Elbert W. Bexley, was convicted of driving under the influence of alcohol (DUI). He was sentenced to' five days in jail. The sentence was suspended, and he was fined $500.
The portions of the record pertinent to the appellant’s claims on appeal (which are discussed below) reflect that the Uniform Traffic Ticket and Complaint (UTTC) charged him with violating “State Code 32 5A 191(a)(2).” (C. 4.) Section 32-5A-191(a)(2), Ala.Code 1975, defines DUI as driving or being in actual physical control of a vehicle while “[ujnder the influence of alcohol.” However, in the portion of the UTTC issued to the appellant entitled “Description of the Offense,” the block next to the line reading “There Was .10% or More by Weight of Alcohol in His/Her Blood” was circled. (C. 4.) At the time the appellant was charged, § 32-5A-191(a)(l), Ala.Code 1975, defined DUI as driving or being in actual physical control of a vehicle while “[tjhere is 0.10 [now .08] percent or more by weight of alcohol in [one’s] blood.” The appellant was convicted in the district court and appealed for a trial de novo in the circuit court. The prosecutor filed a solicitor’s complaint in circuit court indicating that the appellant was charged with violating § 32-5A-191(a)(2), for driving while under the influence of alcohol. The appellant filed a motion to dismiss in circuit court, containing 48 grounds for dismissal; ground 46 alleged that the solicitor’s complaint had improperly amended the original charge in the UTTC. The motion to dismiss was denied, and the appellant was convicted of DUI in circuit court.
I.
The appellant contends that his motion to dismiss should have been granted because, he says, the UTTC — which he says charged him with driving with “.10% or more” blood alcohol concentration because it alleged this fact in the “Description of the Offense” portion — was amended to charge the different offense, without his consent and over his objection, by the solicitor’s complaint, of driving “under the influence of *551 alcohol.” (Issues II and III in brief of appellant.) The appellant cites Sisson v. State, 528 So.2d 1159, 1162 (Ala.1988), as support for this claim. In Sisson, the Alabama Supreme Court held that a district attorney’s complaint charging the defendant with driving “under the influence of alcohol” (i.e., a violation of § 32-5A-191(a)(2)) could not be amended, without the defendant’s consent, to charge a violation for driving with “.10% or more” blood alcohol concentration (i.e., a violation of § S2-5A-191(a)(l)) where the UTTC alleged facts charging the defendant with driving “under the influence of alcohol” and merely cited to § 32-5A-191(a)(l).
However, when Sisson was decided, Rule 13.5(a), Ala.R.Crim.P., had not yet been adopted. Rule 13.5(a) provides:
“A charge may be amended by order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not contemplated by the original indictment. The court may permit a charge to be amended without the defendant’s consent, at any time before verdict or finding, if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced.”
(Emphasis added.)
Sisson was decided under the provisions of Rule 15.5(a), Ala.Temp.R.Crim.P., which was superseded by the adoption of Rule 13.5(a). Under Rule 15.5(a), Ala. Temp.R.Crim.P., a charge could not be amended "without a defendant’s consent. Under Rule 13.5(a), however, a charge may be amended without a defendant’s consent “if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced.” Under this rule, an offense is “different” from the charged offense if it is not contemplated or included in the offense alleged in the original complaint or indictment. The Supreme Court stated in Sisson that the offense of driving “under the influence of alcohol” and the offense of driving with “.10% or more” blood alcohol concentration are not different offenses, rather “Section 32-5A-191(a) and (2) are merely two different methods of proving the same offense — driving under the influence.” Sisson, 528 So.2d at 1162. Thus, in view of Sisson and for purposes of Rule 13.5(a), the appellant is incorrect in contending that the solicitor’s complaint charged him with a “different” offense than did the UTTC. Further, under Rule 13.5(a), the appellant’s objection to any amendment of the charge did not, in and of itself, foreclose the state from seeking a conviction under an amended charge. The question becomes, were the substantial rights of the defendant prejudiced by any amendment brought about in the solicitor’s complaint? To answer that question we must determine whether the appellant received notice of the charge against which he would be called to defend and, if not, whether he suffered harm from the lack of specific notice.
The appellant has failed to show how his substantial rights were prejudiced by an amendment to the charge against him. In Medley v. State, 630 So.2d 163 (Ala.Cr.App.1993), cert. denied, 665 So.2d 1033 (Ala.1994), this court was faced with facts and claims similar to those in the present case. We rejected Medley’s argument that he had been prejudiced when the prosecutor, before trial in circuit court, indicated that he was proceeding under § 32-5A-191(a)(2) even though the “Description of the Offense” portion of the UTTC had charged Medley with driving with “.10% or more” blood alcohol concentration. We stated as follows:
“ ‘Under subsection (a)(2),
“‘“the prosecution must prove that the defendant “was under the influence of alcohol [i.e., that he had consumed alcohol] to the extent that it affected his ability to operate his vehicle in a safe manner.’ [Ex parte] Buckner, 549 So.2d [451, 453 (Ala.1989)]. Although it is not required to do so, the prosecution may, in a prosecution under (a)(2) introduce the results of a chemical test for intoxication.”
“ ‘Frazier v. City of Montgomery, 565 So.2d 1255, [1257] (Ala.Cr.App.1990).
“‘Thus, under subsection (a)(2), the appellant may have had to defend against the results of the blood alcohol test if the State had chosen to introduce them into evidence. We fail to see how the appellant can claim that he did not *552 have reasonable notice of the charge against him .... The State established a prima facie case under § 32-5A-191(a)(2), Code of Alabama 1975. See Grimes v. State, 491 So.2d 1053 (Ala.Crim.App.1986). Therefore, we find no merit in this appeal.’
“See also Beals v. State, 533 So.2d 717 (Ala.Cr.App.1988); McLaughlin v. City of Homewood, 548 So.2d 580 (Ala.Cr.App.1988).”
630 So.2d at 164-65, quoting Sandlin v. State, 575 So.2d 1221, 1222 (Ala.Cr.App.1990).
The appellant maintains that he was never informed whether he was found guilty in district court of violating § 32-5A-191(a)(l) or (a)(2), and nothing in the record before us provides a clear answer to this question. However, the record contains pretrial pleadings filed by the appellant in both the district court and the circuit court, and from those pleadings it is apparent that the appellant believed he was being called upon to defend against a charge under § 32-5A-191(a)(2) in both courts, because the appellant attacks the constitutionality of this subsection in the pleadings filed in both courts. We are not persuaded, by the appellant’s claim that he did not have reasonable notice of the charge against him when he proceeded to circuit court. See Fearn v. City of Huntsville, 568 So.2d 349, 350 (Ala.Cr.App.1990), and McLaughlin v. City of Homewood, 548 So.2d 580, 583 (Ala.Cr.App.1988) (holding that even unauthorized amendments to a complaint are subject to a harmless error analysis).
II.
The appellant also contends that his motion to dismiss should have been granted because, he argues, the UTTC, by alleging facts descriptive of an offense under subsection (a)(1) but by citing a violation of subsection (a)(2), “failed to state an offense.” (Issue I in brief of appellant.) However, the UTTC properly stated an offense; any misci-tation of the applicable Code section was “mere surplusage.” Frazier v. City of Montgomery, 565 So.2d 1255, 1256 (Ala.Cr.App.1990).
The trial court’s judgment is affirmed.
AFFIRMED.
All Judges Concur.