525 S.E.2d 260

**The STATE, Respondent,**

v.

**Willie STAGGERS, Jr., Appellant.**

**No. 3080.**

Court of Appeals of South Carolina.

Submitted Nov. 2, 1999.

Decided Nov. 29, 1999.

Rehearing Denied Feb. 26, 2000.

Assistant Appellate Defender Melody J. Brown, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Charles H. Richardson, all of Columbia; and Solicitor David P. Schwacke, of N. Charleston, for respondent.

GOOLSBY, Judge:

An indictment, whose caption reads, "Indictment for Burglary, First Degree," alleges the appellant, Willie Staggers, Jr.,

did in Charleston County on or about the 29th day of December, 1997, wilfully, unlawfully, and feloniously enter the residence of Gertrude Cercopely located at 3435 Navajo Street, N. Charleston, South Carolina, at approximately 2316 hours, without the consent of the owner and with the intent to commit a crime therein ... in violation of Section 16–11–311 of the South Carolina Code of Laws (1976), as amended.

Staggers argues the indictment is insufficient on its face to allege a first-degree burglary offense because it does not allege the entering occurred "in the nighttime."[1] Under section 16–11–311(A), "entering ... in the nighttime" is an aggravating circumstance that makes a burglary one in the first degree.[2]

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. South Carolina Code of Laws § 16–11–311 (1976), as amended, reads in part:

   (A) A person is guilty of burglary in the first degree if the person enters a dwelling without consent and with the intent to commit a crime in the dwelling, and ...:

   ...

   (3) the entering ... occurs in the nighttime.

When we, as we must, view the indictment in question with a practical eye and weigh all the surrounding circumstances,[3] it becomes readily apparent that Staggers' argument is totally without merit.

"Although the early common law required that the hour of committing the crime be alleged in the indictment, the rule now is that it is not necessary in charging night burglary to aver the particular hour of the night; it is sufficient to aver that the crime was committed in the nighttime."[4] If a statute does not change the common law offense regarding the time of breaking and entering, "an indictment must allege in express terms or otherwise show on its face, that the breaking and entering were in the nighttime."[5]

Here, the indictment otherwise shows on its face that the breaking and entering occurred in the nighttime. It does so by alleging the very hour and minute the burglary occurred: "2316 hours," or in other words, 11:16 o'clock p.m.[6] A burglary that occurred on December 29, 1997, at 11:16 p.m. in Charleston, South Carolina, could only have occurred in the "nighttime."

**AFFIRMED.**

HOWELL, C.J., and HEARN, J., concur.

---

3. *State v. Adams,* 277 S.C. 115, 283 S.E.2d 582 (1981).

4. 13 Am.Jur.2d *Burglary* § 34, at 340 (1964).

5. 12A C.J.S. *Burglary* § 52, at 254 (1980).

6. *See Fearn v. City of Huntsville,* 568 So.2d 349 (Ala.Crim.App.1990) (wherein the court took judicial notice that "23:56 M.T." equates to 11:56 p.m.); *see also* THE 1997 WORLD ALMANAC AND BOOK OF FACTS 479 ("Twenty-four-hour time is widely used in scientific work throughout the world. In the U.S. it is used also in operations of the armed forces. In Europe it is frequently used by the transportation networks in preference to the 12–hour AM and PM system. With the 24–hour system, the day begins at midnight and is·designated 0000 through 2359.").