JOINER, Judge.
George Hubbert was convicted in the Hamilton Municipal Court of driving under the influence of alcohol, see § 32-5A-191(a), Ala.Code 1975, and possessing an open container of alcohol while driving on a public roadway, see § 32-5A-330, Ala. Code 1975. Hubbert appealed his conviction to the Marion Circuit Court and requested a bench trial. Hubbert was convicted by the circuit court and sentenced to serve one year in jail. Hubbert’s sentence was split and he was ordered to serve 100 days in jail followed by 265 days of probation with the community-corrections program.[1] Hubbert filed a posttrial *540 motion urging the circuit court to reconsider his objection to the City’s amendment to the Uniform. Traffic Ticket and Complaint (“the UTTC”) and his motion to dismiss the complaint against him. The circuit court denied his motion.
Because Hubbert does not dispute the facts and does not challenge the sufficiency of the evidence in this case, a brief recitation of the facts will suffice. On November 8, 2014, Officer Jerard Tidwell of the City of Hamilton Police Department was informed by dispatch that a gray Dodge Magnum automobile traveling on U.S. Highway 78 Vas all over the road and had left the road and came back on.” (R. 9.) Officer Tidwell located the vehicle and observed it driving erratically. Officer Tid-well initiated a traffic stop; the driver, whom he identified in court as Hubbert, smelled strongly of alcohol .and admitted that he had been drinking alcoholic beverages. Officer Tidwell also observed an open container of liquor in the front seat of Hubbert’s vehicle. Officer Tidwell testified:
“[Hubbert] appeared to be confused and disoriented, very slow to respond to questions. Instruction had to be repeated before the offender would respond. The offender was observed to have bloodshot eyes, slurred speech, trouble finding his license, finding his registration. He had trouble exiting his vehicle, slow and lethargic movements, disorderly clothing, and needed support to maintain balance.”
(R. 13.) Hubbert agreed to submit to field-sobriety tests; he performed poorly on the walk-and-turn test and could not complete the one-leg-stand test. Hubbert also “gave consent to a portable roadside breath test to which he blew a 0.19 BAC.” (R. 17.) Officer Tidwell arrested Hubbert and transported him to the Marion County jail. Officer Tidwell testified that, on the way to the jail, Hubbert “advised [Officer Tidwell] that he’s been arrested several times for DUI and never been convicted.” (R. 18.) After arriving at the jail, IJubbert refused to take a Draeger breath test. Officer- Tidwell testified that, in his opinion, .Hubbert-was not able to operate a motor vehicle in a safe manner. Officer Tidwell testified that he was wearing a lapel camera at the time he arrested Hub-bert. The video taken from Officer Tid-well’s lapel camera at the time of Hub-bert’s arrest was admitted into evidence and was played for the court.
Jan Williams, the Hamilton city clerk, testified that City of Hamilton Ordinance No. 434 adopts Alabama State laws pertaining to tx-affic violations.
The circuit court found Hubbert guilty of driving under the influence of alcohol[2] and possessing an open container of alcohol while driving on a public roadway under § 32-5A-330, Ala.Code 1975. Hub-bert thereafter filed a timely notice -of appeal. - .
On appeal, Hubbert argues that the circuit court erred when it allowed the City to amend the UTTC against him and when it admitted into evidence the results of the portable Breathalyzer test."
*541 I.
Hubbert contends that his substantial rights were prejudiced when the circuit court allowed the City — after his conviction in municipal court but before his trial in the circuit court — to amend the UTTC against him to include the offense of driving under the influence of alcohol under § 32-5A-191(a)(2), Ala,Code 1975.
The record reflects that, when Officer Tidwell arrested Hubbert, he rioted on the UTTC that he was charging Hubbert for violating § 32-5A-191(a)(l), Ala.Code 1975,[3] because Hubbert’s blood-alcohol content was greater than 0.08 percent, and for violating § 32-5A-330, Ala.Code 1975, because Hubbert was in possession of an open container of alcohol while driving on a public roadway. On January 20, 2015, Hubbert was convicted of those charges in the Hamilton Municipal Court; the municipal court noted in its order that Hubbert was “guilty as charged.” (C/8.) Hubbert appealed his conviction to the Marion Circuit Court and requested a bench trial.
On April 3, 2015, Hubbert filed a motion to dismiss his case on the ground that he was charged under § 32-5A-191(a)(l) and that, because Hubbert did not submit to a Draeger breath test, the City had no evidence indicating that Hubbert’s blood-alcohol content was greater than 0.08 percent at the time of his arrest. -The circuit court denied his motion.
On April 10, 2015 — the day of Hubbert’s trial in the circuit court — the City filed a new complaint, alleging:
“GEORGE BENJAMIN TODD HUB-BERT, defendant, whose name is otherwise unknown to the complainant, did, prior to the commencement of this action, on .or about November 8, 2014, commit the offense of driving under the influence of alcohol within the City of Hamilton or in the police jurisdiction thereof, in violation of Municipal Ordinance Number 434, which embraces Section 32-5A-191(a)(l) and (2), Ala.Code 1975, previously adopted, effective and iri force at the time the offense was committed by driving a motor vehicle while under the influence of alcohol.”
(C. 32.) Immediately before trial, Hub-bert moved to dismiss the new complaint. Hubbert argued that he was convicted in the municipal court of driving under the influence pursuant to § 32-5A-191(a)(l) and that he was appealing that conviction; therefore, he claimed, he should not now be tried for driving under the influence of alcohol pursuant to § 32-5A~191(a)(2).[4] After some discussion, the court declared that it would proceed with' Hubbert’s case. Hubbert’s defense counsel then stated, “This is a violation' of dué process. He is being charged today for the first time with violation of Section [323 — 5A—191 (a)(2). We object.” (R. 6.) The circuit court overruled the objection.
Hubbert renewed his objection during Officer Tidwell’s testimony regarding his observations of Hubbert’s ( condition and behavior during the traffic stop. Hubbert stated that Officer Tidwell’s testimony was “irrelevant to the original charge of 32-5A-191(a)(l).” (R. 10.) The circuit court overruled Hubbert’s objection. Hubbert then stated:
“[T]his is the first, opportunity that we’ve had to timely make an objection to the complaint being amended. Number *542 one, this is an appeal, and the defendant has not given his consent to amend the complaint. Number two, there’s been no notice provided, and the UTTC clearly shows that he’s charged under Section (a)(1), and it explains that it was 0.08 blood alcohol content. It doesn’t mention anything about (a)(2).”
(R. 11.) The circuit court responded, “[Tjhis is a trial de novo, but I can’t see your argument that you didn’t have sufficient notice that today the case would be tried where your client is being charged with driving under the influence and driving with an open container in the vehicle.” (R. 11-12.) The circuit court then overruled Hubbert’s objection.
This Court discussed a factually similar issue in Bexley v. State, 705 So.2d 549, 550-52 (Ala.Crim.App.1997):
“The appellant contends that his motion to dismiss should have been granted because, he says, the UTTC — which he says charged him with driving with ‘.10% or more’ blood alcohol concentration because it alleged this fact in the ‘Description of the Offense’ portion— was amended to charge the different offense, without his consent and over his objection, by the solicitor’s complaint, of driving ‘under the influence of alcohol.’_ The appellant cites Sisson v. State, 528 So.2d 1159, 1162 (Ala.1988), as support for this claim. In Sisson, the Alabama Supreme Court held that a district attorney’s complaint charging the defendant with driving ‘under the influence of alcohol’ (i.e., a violation of § 32-5A — 191(a)(2)) could not be amended, without the defendant’s consent, to charge a violation for driving with ‘.10% or more’ blood alcohol concentration (i.e., a violation of § 32-5A-191(a)(l)) where the UTTC alleged facts charging the defendant with driving ‘under the influence of alcohol’ and merely cited to § 32-5A-191(a)(l).
“However, when Sisson was decided, Rule 13.5(a), Ala. R.Crim. P., had not yet been adopted. Rule 13.5(a) provides:
“ ‘A charge may be amended by the order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not contemplated by the original indictment. The court may permit a charge to be amended without the defendant’s consent, at any time before verdict or finding, if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced.’
“(Emphasis added.)
“Sisson was decided under the provisions of Rule 15.5(a), Ala. Temp. R.Crim. P., which was superseded by the adoption of Rule 13.5(a). Under Rule 15.5(a), Ala. Temp. R.Crim.P., a charge could not be amended without a defendant’s consent. Under Rule 13.5(a), however, a charge may be amended without a defendant’s consent ‘if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced.’ Under this rule, an offense is ‘different’ from the charged offense if it is not contemplated or included in the offense alleged in the original complaint or indictment. The Supreme Court stated in Sisson that the offense of driving ‘under the influence of alcohol’ and the- offense of driving ‘with .10% or more’ blood alcohol concentration are not different offenses, rather ‘Section 32-5A-191(a)(l) and (2) are merely two different methods of proving the same offense — driving under the influence.’ Sisson, 528 So.2d at 1162. Thus, in view of Sisson and for purposes of Rule 13.5(a), the appellant is incorrect in con *543 tending that the solicitor’s complaint charged him with a ‘different’ offense than did the UTTC. Further, under Rule 18.5(a), the appellant’s objection to any amendment of the charge did not, in and of itself, foreclose the state from seeking a conviction under an amended charge. The question becomes, were the substantial rights of the defendant prejudiced by any amendment brought about in the solicitor’s complaint? To answer that question we must determine whether the appellant received notice of the charge against which he would be called to defend and, if not, whether he suffered harm from the lack of specific notice.
“The appellant has failed to show how his substantial rights were prejudiced by an amendment to the charge against him. In Medley v. State, 630 So.2d 163 (Ala.Cr.App.1993), cert. denied, 665 So.2d 1033 (Ala.1994), this court was faced with facts and claims similar to those in the present case. We rejected Medley’s argument that he had been prejudiced when the prosecutor, before trial in circuit court, indicated that he was proceeding under § 32-5A-191(a)(2) even though the ‘Description of the Offense’ portion of the UTTC had charged Medley with driving with ‘.10% or more’ blood alcohol concentration. We stated as follows:
“ ‘ “Under subsection (a)(2),
“ ‘ “ ‘the prosecution must prove that the defendant “was under the influence of alcohol [i.e. that he had consumed alcohol] to the extent that it affected his ability to operate his vehicle in a safe manner.” [Ex parte] Buckner, 549 So.2d [451, 453 (Ala.1989) ]. Although it is not required to do so, the prosecution may, in a prosecution under (a)(2) introduce the results of a chemical test for intoxication.’
“ ‘ “Frazier v. City of Montgomery, 565 So.2d 1255, [1257] (Ala.Cr.App.1990).
“ ‘ “Thus, under subsection (a)(2), the appellant may have had to defend against the results of the blood alcohol test if the State had chosen to introduce them into evidence. We fail to see how the appellant can claim that he‘did not have reasonable notice of the charge against him.... The State established a prima facie case under § 32-5A-191(a)(2), Code of Alabama 1975. See Grimes v. State, 491 So.2d 1053 (Ala.Crim.App.1986). Therefore, we find no merit in this appeal.”
“‘See also Beals v. State, 533 So.2d 717 (Ala.Cr.App.1988); McLaughlin v. City of Homewood, 548 So.2d 580 (Ala.Cr.App.1988).’
“630 So.2d at 164-65, quoting Sandlin v. State, 575 So.2d 1221, 1222 (Ala.Cr.App.1990).”
Hubbert contends that Bexley is distinguishable from the instant case because, he says: (1) he was “taken by surprise” because he was given notice of the amended complaint only 11 minutes before his trial began (Hubbert’s brief, p. 16); (2) he knew that he had been convicted in municipal court under § 32-5A-191(a)(l); (3) there was no admissible chemical-testing evidence to show his blood-alcohol concentration at the time of his arrest; and (4) because his motion to dismiss was supported by his contention that the City had no admissible evidence of his blood-alcohol concentration, that motion prompted the City to amend the complaint against him to include § 32-5A-191(a)(2). We are not persuaded that these factual differences are so great to distinguish Hubbert’s case from Bexley. Because § 32-5A-191(a)(l) and (2) are two different methods of proving the offense of driving under the influ *544 ence of alcohol,- we cannot say that Hub-bert lacked reasonable notice of the charge against him when he proceeded to circuit court. See Fearn v. City of Huntsville, 568 So.2d 349, 350 (Ala.Cr.App.1990), and McLaughlin v. City of Homewood, 548 So.2d 580, 583 (Ala.Cr.App.1988) (holding that-even unauthorized amendments to a complaint are subject to a harmless-error analysis).. Accordingly* Hubbert -is not entitled to relief on this issue,
II.
Hubbert contends that the circuit court erred-when it admitted into evidence the result of the portable Breathalyzer test because, he says, the City failed to lay a proper predicate for its admission. Specifically, Hubbert argues: (1) that Officer -Tidwell could not provide the name of the portable Breathalyzer device used during the traffic stop; and (2) that, because “there was no certificate produced by the actual machine, ... there was no certification that the machine was working properly at the time the test was administered.” (Hubbert’s brief, p. 24.)
Officer Tidwell testified on direct examination: . ,
“Q. And did [Hubbert] then give any consent to do a portable roadside breath test? -
“A. He did.
“Q. And did he fail that test?
“A. Yes.
“Q. What was your reading?
“A, The offender gave consent to a portable roadside breath test to which he blew a 0.19 BAC.
“Q. Is that the point that you transported him to the Marion County Jail?
“A. Yes. .
“Q. And did he refuse consent, or did he give consent for. the Draeger test?
“A. He refused consent.”
(R. 17.) The record reflects that Hubbert did not object to this line of questioning.
After the City played the video captured' from Officer Tidwell’s lapel camera that depicted the traffic stop — including Officer Tidwell’s administering of the portable Breathalyzer test — Hubbert objected:.
“[W]e are objecting to this video because it doesn’t have anything to do with blood alcohol content being 0.08 or above. The tests that are depicted here are not admissible and certainly not a Draeger test. This is — and furthermore, the—
“THE COURT: The Draeger. test that your client refused?
“[DEFENSE COUNSEL]: Yes. This is not — these field-sobriety, tests are not admissible for proving that there’s a 0.08 blood alcohol content. That’s the basis of my objection,: Your Honor. .Thank you.
[[Image here]]
“THE COURT: It’s overruled.” '
(R. 25; emphasis added.)
Hubbert has not preserved this claim for appellate review. “Review on appeal is limited to review of questions properly and timely raised at trial.” Newsome v. State, 570 So.2d 703, - 716 (Ala.Crim.App.1989). “In order for this- Court to review an alleged erroneous admission of evidence, a timely objection must be made to.the introduction of the evidence, specific grounds for the objection should be stated and a ruling on the objection must be made by the trial court.” Goodson v. State, 540 So.2d 789, 791 (Ala.Crim.App.1988), abrogation on other grounds recognized by Craig v. State, 719 So.2d 274 (Ala.Crim.App.1998). “When a timely objection at the time of the admission of the evidence is not made, the issue is not preserved for this Court’s review.” Ziglar *545 u State, 629 So.2d 43, 47 (Ala.Crim.App.1998).
Here, the record indicates that Hubbert failed to object, to the State’s questions to Officer Tidwell with respect to the results of the portable Breathalyzer test. Moreover, Hubbert’s objection after the State played the video depicting the traffic stop — which included video of Officer Tidwell administering the portable Breathalyzer test to Hubbert — was untimely. Therefore, we cannot say that the trial court erred when it overruled Hub-bert’s objection with respect to the video evidence of the portable Breathalyzer test. See Wiggins v. State, 491 So.2d 1046, 1049 (Ala.Crim.App.1986) (“If [evidence] is cumulative, even of improper evidence already admitted without objection, and even if otherwise inadmissible, it may be received without error.”). Accordingly, Hubbert’s claim is not properly before this Court, and he is not entitled to relief on this issue.
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
' WINDOM, P.J., and WELCH, KELLUM, and BURKE, JJ., concur.

. The circuit court ordered Hubbert to pay a $2,100 fine for the driving-under-the-influ *540 ence conviction, a $25'fine for the open-container conviction, and $520 in court costs. The circuit court also ordered Hubbert to surrender his driver’s license to the Alabama Department of Public Safety for 90 days, to have an ignition-interlock device installed on his vehicle for 2 years from the date Hubbert receives a driver's license, and to pay $75 per month for the first 4 months following the installation of the ignition-interlock device.

. The circuit court found that the City’ had offered sufficient evidence of both § 32-5A-191(a)(1) arid (a)(2), Ala.Code 1975.

. Section 32-5A-191(a)(l), Ala.Code 1975, provides that “[a] person shall not drive or be in actual physical control of any vehicle while ... [t]here is 0.08 percent or more by weight of alcohol in his or her blood.”

. Section 32-5A-191(a)(2), Ala.Code 1975, provides that "[a] person shall not drive or be 'in actual physical control of any vehicle while .,, under the influence of alcohol.”