KELLUM, Judge.
The appellant, Christopher Terez Childs, was indicted for two counts of burglary in the first degree, a violation of § 13A-7-5, Ala. Code 1975; one count of robbery in the first degree, a violation of § 13A-8-41, Ala. Code 1975; and one count of rape in the first degree, a violation of § 13A-6-61, Ala. Code 1975. Following a jury trial, Childs was convicted of two counts of first-degree burglary and one count of first-degree robbery. The circuit court sentenced Childs to life imprisonment for each conviction and ordered the sentences to run consecutively. Childs was ordered to pay $50 to the crime victims compensation fund for each conviction and court costs.
Childs does not challenge the sufficiency of the evidence on appeal. Therefore, a brief recitation of the facts is all that is necessary in this case. During the early morning hours of January 1, 2014, four men forcibly entered the mobile home occupied by J.S., his sister A.B.S., her husband L.T.Z., and A.B.S. and L.T.Z.'s child by kicking open the door.[1] J.S. and L.T.Z. were put in one room, threatened with a gun, and assaulted while two of the assailants demanded money. A.B.S. was kept in another bedroom with a gun pointed at her baby's head while the two other assailants demanded money. Childs, who was one of the assailants, struck A.B.S. five times with his gun before pulling her clothes off and raping her. Childs allegedly told one of his accomplices that he had engaged in sexual intercourse with a woman during the break-in.
After both sides had rested and the circuit court had instructed the jury on the applicable principles of law, the jury found Childs guilty of two counts of burglary in the first degree and one count of robbery in the first degree. The jury could not reach a verdict on the rape charge, and the circuit court declared a mistrial regarding that charge. This appeal followed.
On appeal, Childs contends that one of his two first-degree-burglary convictions violates the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States. The State concedes that *92 Childs's second conviction for burglary in the first degree violates double-jeopardy principles. We agree.
The record indicates that Childs was indicted for two counts of first-degree burglary-one count of burglary alleged that Childs was armed with a deadly weapon and the other count of burglary alleged that Childs caused physical injury during the incident. Childs was convicted of both counts of burglary even though it appears that the counts were intended as alternative methods of proving the same offense of burglary.
The Alabama Supreme Court has held that "where there are two different methods of proving the offense charged in one statute, they [do not] constitute separate offenses." Sisson v. State, 528 So.2d 1159, 1162 (Ala. 1988). In King v. State, 574 So.2d 921 (Ala. Crim. App 1990), this Court discussed whether a defendant could be convicted of two counts of first-degree rape arising out of a single event. We stated:
"[W]e must determine whether an individual may be convicted of two counts contained in the same statute. As our Supreme Court stated in Sisson v. State, 528 So.2d 1159 (Ala. 1988), '[T]he two subsections of a similar statute were merely alternative methods of proving the same crime, and therefore, did not constitute separate offenses.' ...
"....
"...[W]e find that the [defendant] could not be convicted of ... two counts of the same statute. 'The Double Jeopardy Clause ... protects against multiple punishments for the same offense. [citation omitted]. Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.' Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977)."
574 So.2d at 929-30.
Section 13A-7-5, Ala. Code 1975, defines first-degree burglary as follows:
"(a) A person commits the crime of burglary in the first degree if he or she knowingly and unlawfully enters or remains unlawfully in a dwelling with intent to commit a crime therein, and, if, in effecting entry or while in dwelling or in immediate flight therefrom, the person or another participant in the crime:
"(1) Is armed with explosives or a deadly weapon; or
"....
"(3) In effecting entry, is armed with a deadly weapon or dangerous instrument or, while in the dwelling or immediate flight from the dwelling, uses or threatens the immediate use of a deadly weapon or dangerous instrument against another person. The use of or threatened use of a deadly weapon or a dangerous instrument does not include the mere acquisition of a deadly weapon or dangerous instrument during the burglary."
In this case, Childs was convicted of two counts of first-degree burglary under the two subsections of § 13A-7-5 listed above, and he was sentenced to consecutive sentences as a result of those convictions. Because his conduct did not constitute two separate offenses, we hold that punishing Childs twice for the same offense-burglary in the first degree-violated his double-jeopardy rights. Accordingly, this case is remanded for the circuit court to vacate one of Childs's convictions for burglary in the first degree. Due return shall be made to this Court within 42 days of the date of this opinion.
*93 REMANDED WITH INSTRUCTIONS.*
Windom, P.J., and Welch, Burke, and Joiner, JJ., concur.

Initials have been used throughout this opinion to identify the victims so as to protect the anonymity of the victims. See Rule 52, Ala. R. App. P.

Note from the reporter of decisions: On May 26, 2017, on return to remand, the Court of Criminal Appeals affirmed, without opinion.